CAMERON v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 248315. Submitted June 8, 2004, at Lansing. Decided July 13, 2004, at 9:20 A.M. Leave to appeal sought.

Diane and James Cameron, co-guardians of Daniel Cameron, brought an action in the Washtenaw Circuit Court against Auto Club Insurance Association, seeking to recover benefits under the Michigan no-fault act, MCL 500.3101 *et seq.* The court, John N. Kirkendall, J., granted summary disposition for the plaintiffs on the basis that the saving provision of the Revised Judicature Act (RJA), MCL 600.5851(1), tolls the statutory period of limitations in the no-fault act, MCL 500.3145(1). The defendant appealed.

The Court of Appeals *held*:

1. The saving provision of the RJA, 600.5851(1), applies only to actions filed under the RJA and, therefore, does not apply to an action brought under the no-fault act to toll the period of limitations in that act, MCL 500.3145(1). Although cases dealing with events occurring before 1993 held that the saving provision of the RJA did, at that earlier time, apply to causes of action created under the no-fault act, in that year the Legislature amended the RJA to change the saving provision to apply only to a person entitled to bring "an action under this act." Before the amendment, the saving provision applied to a person entitled to bring "any action." The change in wording cannot be ignored, and to interpret the two phrases identically would mean that the Legislature added language that is meaningless, but such a conclusion is contrary to the rules of statutory construction.

2. The plaintiffs argued that, because the RJA generally governs judicial procedure, all actions arise under the RJA. However, the Legislature's change in wording must be construed as changing the statute amended.

3. The plaintiffs argued that the best public policy would be to allow the saving provision to cover the no-fault act, but the issue of what is the best policy is for the Legislature, not the courts, to decide.

4. The fact that legislative history is silent with regard to the potential ramifications from the change in language of the saving

provision of the RJA plays no part in the proper interpretation of the provision, the terms of which are clear.

Reversed and remanded for the entry of an order of summary disposition for the defendant.

FITZGERALD, P.J., concurred, but noted that the Legislature may not have intended this outcome by its 1993 change in the RJA saving provision language and urged the Legislature to amend MCL 600.5851(1). Where a plaintiff has a legal disability, such as minority or insanity, the defendant in an action under the RJA is generally in no greater need of protection from delay in the commencement of an action than is the defendant in a no-fault case.

LIMITATION OF ACTIONS — NO-FAULT STATUTE OF LIMITATIONS — REVISED JUDICATURE ACT — SAVING PROVISION.

The saving provision of the Revised Judicature Act applies only to actions filed under that act and does not toll the statutory period of limitations defined in, and relating to an action under, the no-fault act (MCL 600.5851[1]; MCL 500.3145[1]).

*Logeman, Iafrate, & Pollard, P.C.* (by *Robert E. Logeman*), for the plaintiffs.

*Schoolmaster, Hom, Killeen, Siefer, Arene & Hoehn* (by *Michael G. Kramer*) (*Gross, Nemeth & Silverman, P.L.C.*, by *James G. Gross*, of counsel) for the defendant.

Amici Curiae:

*Willingham & Coté, P.C.* (by *John A. Yeager* and *Matthew K. Payok*), for the Insurance Institute of Michigan.

*Sinas, Dramis, Brake, Boughton & McIntyre, P.C.* (by *George T. Sinas* and *L. Page Graves*), for the Coalition Protecting Auto No-Fault.

Before: FITZGERALD, P.J., and BANDSTRA and SCHUETTE, JJ.

BANDSTRA, J. In this action to recover benefits under the Michigan no-fault act, MCL 500.3101 *et seq.*, defen-

dant Auto Club Insurance Association appeals as of
right from the trial court order granting summary
disposition in favor of plaintiffs Diane and James Cam-
eron, guardians of Daniel Cameron. The question pre-
sented is whether the saving provision of the Revised
Judicature Act (RJA), MCL 600.5851(1), applies to toll
the "one-year back" rule of the no-fault act, MCL
500.3145(1). We conclude that the saving provision, by
its terms, applies only to actions filed under the RJA and
that it does not, therefore, toll an action brought under
the no-fault act. We reverse.

### BACKGROUND FACTS

In August 1996, Diane and James Cameron were
covered by a no-fault auto insurance policy issued by
defendant. Under the terms of the policy, defendant was
obligated to pay certain expenses or losses in the event
that Daniel sustained bodily injury in an accident
arising out of the ownership, operation, maintenance,
or use of a motor vehicle. While riding a bicycle, Daniel
was struck by an automobile and suffered a closed head
injury resulting in a cognitive disorder. Defendant re-
fused to pay for certain expenses resulting from this
injury allegedly in violation of the applicable no-fault
provisions and the insurance contract. Plaintiffs
brought this action seeking payment of the contested
expenses.

### STANDARD OF REVIEW

The trial court granted summary disposition to plain-
tiffs on the basis of the statutes at issue here. The
interpretation and application of statutes are questions
of law subject to review de novo. *Eggleston v Bio-
Medical Applications of Detroit, Inc*, 468 Mich 29, 32;
658 NW2d 139 (2003).

ANALYSIS

Defendant argues that plaintiffs' recovery for services under the no-fault act is limited by MCL 500.3145(1) to those occurring within one year of the filing of the complaint. Plaintiffs argue that this limitation is subject to the saving provision of the RJA, MCL 600.5851(1). However, the saving provision, by its terms, is applicable only to persons "entitled to . . . bring an action under this act" and defendant argues that the saving provision does not apply to this action because it was brought under the no-fault act.

Our Supreme Court has set forth the following rules of statutory construction:

> Because the Legislature is presumed to understand the meaning of the language it enacts into law, statutory analysis must begin with the wording of the statute itself. Each word of a statute is presumed to be used for a purpose, and, as far as possible, effect must be given to every clause and sentence. The Court may not assume that the Legislature inadvertently made use of one word or phrase instead of another. Where the language of the statute is clear and unambiguous, the Court must follow it. [*Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000) (citations omitted).]

Furthermore, the Legislature is presumed to be aware of all existing statutes when enacting a new statute. *Walen v Dep't of Corrections*, 443 Mich 240, 248; 505 NW2d 519 (1993). Changes in an act must be construed in light of preceding statutes and historical developments. *M D Marinich, Inc v Michigan Nat'l Bank*, 193 Mich App 447, 452; 484 NW2d 738 (1992).

The historical developments and statutory changes that gave rise to the language at issue here are especially instructive. In *Lambert v Calhoun*, 394 Mich 179, 181; 229 NW2d 332 (1975), our Supreme Court first

considered whether the saving provision of the RJA applied to actions brought under other statutes that provided their own statute of limitations. The defendants argued that, under *Holland v Eaton*, 373 Mich 34, 39; 127 NW2d 892 (1964), the saving provision of the general statute of limitations did not apply to statutes that provided their own limitations periods. *Lambert*, *supra* at 182. But the plaintiff pointed out that, when the Legislature enacted the RJA, it changed the language of the saving provision. Rather than stating that it applied to "any of the actions mentioned in this chapter," as did the saving provision of the 1915 Judicature Act, the saving provision in the RJA stated that it applied to "any action." *Id.* at 183. The plaintiff asserted that this change showed that the Legislature intended to make the RJA's saving provision applicable to all actions without regard to whether they were mentioned in the statute of limitations chapter of the RJA. *Id.*

Our Supreme Court found that the Legislature was aware of the interpretation that Michigan case law had applied to the language of the Judicature Act in 1915 and reasoned that no basis existed for assuming that the Legislature intended that interpretation to continue in the face of changes to the statute:

> The language of the saving provisions was, as previously indicated, changed in 1961 to cover "any action" when the Revised Judicature Act was adopted. *Holland,* although decided in 1964, arose under the 1915 Act. This is the first consideration by this Court of this question in terms of the saving provisions of the Revised Judicature Act.
>
> We hold that the general saving provisions of the Revised Judicature Act apply to causes of action created by Michigan statutes. [*Lambert, supra* at 191-192.]

In *Rawlins v Aetna Cas & Surety Co*, 92 Mich App 268, 271; 284 NW2d 782 (1979), this Court addressed

the issue whether the saving provision of MCL 600.5851 applied to MCL 500.3145(1), the one-year statute of limitations in the no-fault act. On the basis of the decision in *Lambert*, it held that "the general saving provisions of the [RJA] apply to causes of action created under the no-fault statute . . . ." *Id.* at 277.

However, in 1993, the Legislature amended MCL 600.5851(1), which now states:

> Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring *an action under this act* is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852. [Emphasis added.]

Defendant argues that the change in the wording of the first sentence of this provision from "any action" to "an action under this act" limits its application.[1] We agree.

The language of the saving provision clearly and unambiguously states that it now applies only to actions commenced under the RJA. Our Supreme Court in *Lambert, supra* at 183, 191, presumed that the Legislature knew how the Michigan courts had applied the "any of the actions mentioned in this chapter" wording

---

[1] We note that the statute in effect before the 1993 amendment stated that it applied to persons entitled to "bring an action" rather than "any action." The provision was changed in 1972 when the Legislature changed the age of majority from twenty-one to eighteen years. See 1972 PA 87, § 1. Although *Lambert*, 394 Mich 179, was decided in 1975, the case arose from an automobile accident that occurred in 1968. See *Lambert v Calhoun*, 48 Mich App 506, 508; 210 NW2d 796 (1973). Thus, the 1972 change is not involved in *Lambert*. We discern no difference between "an action" or "any action" for purposes of this case; both terms refer to all actions, without limitation.

of the 1915 Judicature Act when it enacted the RJA. It therefore determined that the change in wording that applied the saving provision to "any action" indicated that the Legislature intended to change this result. *Id.* at 191. Similarly, we presume that the Legislature was aware of the interpretations of MCL 600.5851(1) set forth in *Lambert* and *Rawlins* and find that the 1993 change in the provision signified a change in policy. Thus, we find that the amended version of the saving provision does not apply to the no-fault act because it is not "an action under [the RJA]." MCL 600.5851(1).

Plaintiffs argue that, in *Professional Rehabilitation Assoc v State Farm Mut Automobile Ins Co*, 228 Mich App 167, 175; 577 NW2d 909 (1998), this Court interpreted the 1993 amendment of MCL 600.5851(1) as not changing the result reached in *Rawlins*. This Court did note the rule that "the saving provision applies to actions for the recovery of personal protection insurance benefits under the no-fault act." *Professional Rehabilitation, supra.* And in making this decision, it quoted the 1993 version of the provision. *Id.* at 175-176. However, the 1993 version of the statute was not at issue in *Professional Rehabilitation.* The 1993 amendment states that it does not apply to "causes of action arising before October 1, 1993," 1993 PA 78, § 4, and a claim generally "accrues at the time the wrong upon which the claim is based was done . . . ." *Boyle v Gen Motors Corp*, 468 Mich 226, 231; 661 NW2d 557 (2003), quoting MCL 600.5827. In *Professional Rehabilitation*, the defendant denied payment to the plaintiff in 1992. *Professional Rehabilitation, supra* at 168-169. Thus, the pre-1993 version of MCL 600.5851(1) actually applied to the facts of *Professional Rehabilitation*, and this Court erroneously cited the 1993 version of the provision in its opinion. Because the pre-1993 version of MCL 600.5851(1) was the properly applicable statute in

*Professional Rehabilitation,* we will not consider that case as construing the 1993 amendment.

Plaintiffs also argue that, because the RJA generally governs judicial procedure, all actions essentially arise "under the RJA," and the change in wording is meaningless. But amendments of a statute are to be "construed as changing the statute amended . . . ." *Huron Twp v City Disposal Systems, Inc,* 448 Mich 362, 366; 531 NW2d 153 (1995). And when parsing a statute, courts must "presume every word is used for a purpose," and, as far as possible, "give effect to every clause and sentence." *Pohutski v City of Allen Park,* 465 Mich 675, 683; 641 NW2d 219 (2002). We will not assume that a change in the wording of the provision does not change its meaning, especially in light of the precedents discussed above in which similar changes to the same language were afforded meaning. Furthermore, we will not interpret a statute in a manner that renders any of its language nugatory, and plaintiffs' interpretation would have that result. *Id.* As plaintiffs would have it, the statute would mean the same thing with or without the "under this act" clause, i.e., either way, the saving provision would apply to any action.

Plaintiffs further contend that, rather than making its decision on the "phraseology" of the first sentence of MCL 600.5851(1), the Court in *Lambert* based its holding on the intent of the Legislature concerning what constituted the best public policy. Plaintiffs argue that we should do likewise. However, we may not make decisions based on our view concerning the best public policy:

> The fact that another statutory scheme might appear to have been wiser or would produce fairer results is irrelevant. Arguments based on such policy considerations

must be addressed to the Legislature. [*Smith v Cliffs on the Bay Condo Ass'n*, 463 Mich 420, 430; 617 NW2d 536 (2000).]

Finally, plaintiffs argue that if the Legislature had intended to change the law and make MCL 600.5851(1) no longer applicable to no-fault cases, then some record of that intent would appear in the legislative history. But our Supreme Court has specifically rejected the practice of interpreting statutes on the basis of the fact that the legislative history gave no indication that the Legislature understood that it was making a significant change. *Robinson, supra* at 459-460. Our Supreme Court described the approach as "a judicial theory of legislative befuddlement" and dismissed it as an attempt to use legislative history "to contradict the statute's clear terms." *Id.* Thus, the fact that the legislative history is silent with regard to the potential ramifications stemming from the change in MCL 600.5851(1) plays no part in the proper interpretation of the provision.

We conclude that, since the effective date of the 1993 amendment, the general saving provision of the RJA does not apply to actions commenced under the no-fault act. Plaintiffs' claim is subject to the limitation of MCL 500.3145(1). We reverse the trial court's order granting plaintiffs summary disposition and remand this case for entry of an order of summary disposition in favor of defendant. We do not retain jurisdiction.

SCHUETTE, J., concurred.

FITZGERALD, P.J. (*concurring.*) Before the 1993 amendment of MCL 600.5851(1), courts consistently held that the general saving provision of the Revised Judicature Act applied to all causes of action created by Michigan statutes, even when the statute creating the right

contained its own limitations period. Thus, courts held that the one-year statute of limitations in MCL 500.3145(1) of the no-fault act was subject to the minority provision of § 5851(1), giving a minor one year of grace after termination of the disability of minority in which to commence an action. See, e.g., *Rawlins v Aetna Cas & Surety Co,* 92 Mich App 268, 271; 284 NW2d 782 (1979).

MCL 600.5851(1) was amended in 1993 and the wording was changed from "an action" to "an action under this act." I reluctantly concur with the majority's conclusion that, since the effective date of the 1993 amendment, the general saving provision does not apply to actions commenced under the no-fault act because the legal analysis is supported by the well-established rules of statutory construction. However, I do not believe that the Legislature intended this result and, therefore, I urge the Legislature to amend § 5851(1). Minors or insane persons are under the same disability whether their actions are under the RJA or the no-fault act. "[T]he defendant in one case is generally in no greater need than the defendant in the other of protection from delay in commencement of the action." See *Lambert v Calhoun,* 394 Mich 179, 190-191; 229 NW2d 332 (1975).