HATCHER v STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Docket No. 262964. Submitted December 13, 2005, at Detroit. Decided
     December 20, 2005. Approved for publication February 2, 2006, at
     9:00 a.m.

   Aris Hatcher, a minor, by her mother Kimberly Hatcher as next
   friend, brought an action in the Wayne Circuit Court against State
   Farm Mutual Automobile Insurance Company, seeking personal
   protection insurance benefits under the no-fault act. The benefits
   were for attendant care services, and the defendant had denied the
   claim under the one-year-back rule of MCL 500.3145(1), which
   generally provides that actions for such benefits may not be
   commenced later than one year after the accident. The defendant
   moved for summary disposition, relying on the holding in *Cameron
   v Auto Club Ins Ass'n*, 263 Mich App 95 (2004), that MCL
   600.5851, the saving statute for claims by minors, does not apply
   to the one-year-back rule of the no-fault act. When the plaintiff
   argued that *Cameron* violated due process and equal protection,
   the defendant argued that MCL 600.5851 does not apply because
   the claim for attendant care services belonged to Kimberly
   Hatcher, not Aris Hatcher. The court, Wendy M. Baxter, J., denied
   the motion, holding that the right to attendant care benefits
   belongs to the injured person and that *Cameron* violated equal
   protection. The defendant appealed by leave granted.

   The Court of Appeals *held*:

   1. The trial court correctly held that the right to bring an
   action for personal protection benefits, including claims for atten-
   dant care services, belongs to the injured party. MCL 500.3112
   does not create an independent cause of action for the party who is
   legally responsible for the injured party's expenses. A parent's
   cause of action to recover benefits for expenses incurred during an
   insured's minority is derivative of the injured minor's rights under
   the no-fault act.

   2. The trial court, however, erred by denying the defendant's
   summary disposition motion on the basis of equal protection.
   Interpreting amendments of MCL 600.5851(1) enacted in 1993,
   the *Cameron* Court concluded that this saving provision does not

apply to no-fault actions because MCL 500.3145 is not contained in the Revised Judicature Act (RJA). While the 1993 amendments created two classes of minors—those with causes of action governed by the RJA's statutes of limitations and those with causes of action governed by other statutes of limitations—the classification is not based on a suspect or quasi-suspect class. Thus, the appropriate level of review is the rational basis test, and the classification scheme does not violate equal protection. The amended legislation is rationally related to legitimate government interests. It protects potential defendants from stale demands, fear of litigation, fraudulent claims, and inconveniences caused by delay, in addition to providing plaintiffs with prompt recovery of damages and penalizing nonindustrious plaintiffs.

3. Although the trial court failed to rule on the due process issue, the 1993 amendments do not violate constitutional due process safeguards. They bear a reasonable relationship to the permissible legislative objectives of protecting potential defendants and providing prompt recovery of damages. The amendments are not so harsh and unreasonable that they effectively deny plaintiffs access to the courts.

Affirmed in part, reversed in part, and remanded for entry of an order granting the defendant summary disposition.

1. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENEFITS.

The right to bring an action under the no-fault act for personal protection insurance benefits, including claims for attendant care services, belongs to the injured party; the no-fault act does not create an independent cause of action for a party who is legally responsible for the injured party's expenses; a parent's cause of action to recover benefits for expenses incurred during an insured's minority is derivative of the injured minor's rights under the no-fault act (MCL 500.3112).

2. CONSTITUTIONAL LAW — LIMITATION OF ACTIONS — EQUAL PROTECTION — DUE PROCESS.

The amendments of the saving provision for minors and insane persons in the Revised Judicature Act, which amendments restricted application of the saving provision to actions under the Revised Judicature Act, are rationally related to the legitimate government interests of protecting potential defendants and providing prompt recovery of damages and do not violate equal protection; because the amendments are rationally related to those interests and are not so harsh and unreasonable that they effectively deny plaintiffs access to the courts, they also do not

violate constitutional due process safeguards (US Const, Am XIV; Const 1963, art 1, §§ 2, 17; MCL 600.5851[1]).

*Weiner & Cox, P.L.C.* (by *Ronald M. Applebaum* and *Deborah S. Lapin*), for the plaintiff.

*Gross, Nemeth & Silverman, P.L.C.* (by *James G. Gross*), and *Scarfone & Geen, P.C.* (by *John B. Geen* and *Joseph T. Longo, III*), for the defendant.

Before: WHITBECK, C.J., and TALBOT and MURRAY, JJ.

PER CURIAM. In this first-party no-fault action, defendant State Farm Mutual Automobile Insurance Company (State Farm) appeals by leave granted the trial court's order denying State Farm summary disposition. We affirm in part, reverse in part, and remand.

### I. BASIC FACTS AND PROCEDURAL HISTORY

In September 1998, eight-year-old Aris Hatcher was riding a bicycle in Detroit when an uninsured motorist struck her. She sustained head trauma, causing seizures and convulsions. Since then she has required daily care and nursing services. In May 2004, Aris Hatcher applied for personal protection insurance benefits through the assigned claims office, which assigned her claim to State Farm. State Farm denied the claim, invoking the one-year period of limitations contained in MCL 500.3145(1), known as the "one-year-back rule."

Kimberly Hatcher, as next friend of her daughter, Aris Hatcher, filed a claim seeking personal protection insurance benefits pursuant to the Michigan no-fault act.[1] State Farm moved for summary disposition pursuant to MCR 2.116(C)(8), relying on this Court's decision

---

[1] MCL 500.3101 *et seq.*

in *Cameron v Auto Club Ins Ass'n*[2] that MCL 600.5851 does not apply to the one-year-back rule. Kimberly Hatcher responded, arguing that the *Cameron* decision violated due process and equal protection. State Farm replied, arguing that MCL 600.5851 did not apply because the claim for attendant care services belonged to Kimberly Hatcher, not Aris Hatcher. The trial court denied State Farm's motion, holding that "the right to attendant care belongs to the injured person" and that *Cameron* violated equal protection.

## II. CLAIMANT UNDER MCL 500.3112

### A. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition.[3] A motion pursuant to MCR 2.116(C)(8) should be granted only when the claim is " 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.' "[4] We also review questions of statutory application and construction de novo.[5]

### B. DERIVATIVE ACTION

State Farm argues that the trial court erred in denying its motion for summary disposition because MCL 600.5851 does not apply to Kimberly Hatcher's claim for attendant care services. More specifically, State Farm contends that the "claimant" in the instant

---

[2] *Cameron v Auto Club Ins Ass'n*, 263 Mich App 95, 103; 687 NW2d 354 (2004).

[3] *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004).

[4] *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999), quoting *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

[5] *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002).

case is Kimberly Hatcher, not Aris Hatcher, because, as the one legally responsible for Aris Hatcher's expenses, Kimberly Hatcher is the one entitled to payment for the services rendered. State Farm asserts that Aris Hatcher does not have an identifiable or appreciable loss if Kimberly Hatcher is not paid. However, MCL 500.3112 provides in part, "Personal protection insurance benefits are payable to *or for the benefit of* an injured person . . . ."[6] The statute confers a cause of action on the injured party and does not create an independent cause of action for the party who is legally responsible for the injured party's expenses.[7] Further, a parent's cause of action to recover benefits for expenses incurred during an insured's minority is derivative of the injured minor's rights under the no-fault act.[8] Therefore, we conclude that the trial court correctly held that the right to bring an action for personal protection insurance benefits, including claims for attendant care services, belongs to the injured party.

### III. CONSTITUTIONALITY OF MCL 600.5851

#### A. STANDARD OF REVIEW

The constitutionality of a statute is a question that we review de novo.[9] Statutes are presumed constitutional, and we exercise the power to declare a law unconstitutional with extreme caution. " 'Every reasonable presumption or intendment must be indulged in favor of the validity of an act, and it is only when

---

[6] Emphasis added.

[7] *Geiger v Detroit Automobile Inter-Ins Exch*, 114 Mich App 283, 287; 318 NW2d 833 (1982).

[8] *Id.* at 288.

[9] *Phillips v Mirac, Inc*, 470 Mich 415, 422; 685 NW2d 174 (2004).

invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution that a court will refuse to sustain its validity.' "[10]

### B. EQUAL PROTECTION

State Farm argues that the trial court erred in denying its motion for summary disposition on the basis of equal protection. In its order, the trial court denied State Farm's motion for the reasons stated on the record, but it did not provide any analysis on the record. The trial court simply stated that it was relying on "the equal protection clause" to find *Cameron* violative of the Constitution. State Farm asserts that, because *Cameron* merely enforced the 1993 amendments of MCL 600.5851(1), it is not actually the constitutionality of *Cameron*, but the constitutionality of the amendments of MCL 600.5851(1), that is at issue. We agree and address State Farm's arguments accordingly.

#### 1. *CAMERON* AND MCL 600.5851(1)

MCL 600.5851(1), which is contained in the Revised Judicature Act (RJA), currently provides, in pertinent part:

> [I]f the person first entitled to make an entry or bring an action *under this act* is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. [Emphasis added.]

---

[10] *Id.* at 423, quoting *Cady v Detroit*, 289 Mich 499, 505; 286 NW 805 (1939).

In 1993, the Legislature deleted a provision for imprisoned persons[11] and added the phrase "under this act,"[12] which refers to the RJA.

The *Cameron* Court considered whether MCL 600.5851(1) applies to the no-fault statute of limitations provision of MCL 500.3145(1), which provides:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident . . . . The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf.

Because MCL 500.3145 is not contained in the RJA, the *Cameron* Court concluded that the saving provision of MCL 600.5851(1) does not apply to no-fault actions.[13]

### 2. RATIONAL BASIS TEST

The federal and state constitutions guarantee equal protection of the laws.[14] Although the trial court failed to provide any analysis in its decision, it appears that the amendments of MCL 600.5851(1) create two classes of minors and insane persons: those who have causes of action governed by statutes of limitations in the RJA and those who have causes of action governed by other statutes of limitations. However, not all classifications

---

[11] 1993 PA 283.

[12] 1993 PA 78.

[13] *Cameron, supra* at 103.

[14] US Const, Am XIV; Const 1963, art 1, § 2.

violate the Equal Protection Clause.[15] Because the classification at issue is not based on a suspect class, such as race, national origin, or ethnicity, or a quasi-suspect class, such as gender or illegitimacy, the appropriate level of review is the rational basis test.[16] Indeed, "the classification schemes created by various tort reform legislation are social or economic legislation subject to the rational basis test."[17]

Under the rational basis test, we will uphold legislation as long as it is rationally related to a legitimate government interest.[18] In making such a determination, we examine "the purpose with which the legislation was enacted, not its effects[.]"[19] A challenger must show that the amendment is arbitrary and completely unrelated in a rational way to its objective.[20] The Michigan Supreme Court discussed the purpose of a statute of limitations as follows:

> "By enacting a statute of limitations, the Legislature determines the reasonable period of time given to a plaintiff to pursue a claim. The policy reasons behind statutes of limitations include: the prompt recovery of damages, penalizing plaintiffs who are not industrious in pursuing claims, security against stale demands, relieving defendants' fear of litigation, prevention of fraudulent claims, and a remedy for general inconveniences resulting from delay."[21]

---

[15] See *Plyler v Doe*, 457 US 202, 216-218; 102 S Ct 2382; 72 L Ed 2d 786 (1982); *Phillips, supra* at 431-432.

[16] *Plyler, supra* at 216-218; *Phillips, supra* at 432-433; *Harvey v Michigan*, 469 Mich 1, 6-8; 664 NW2d 767 (2003).

[17] *Zdrojewski v Murphy*, 254 Mich App 50, 79; 657 NW2d 721 (2002).

[18] *Phillips, supra* at 433-434; *Crego v Coleman*, 463 Mich 248, 259; 615 NW2d 218 (2000).

[19] *Phillips, supra* at 434-435.

[20] *Id.* at 433; *Crego, supra* at 259.

[21] *Gladych v New Family Homes, Inc*, 468 Mich 594, 600; 664 NW2d 705 (2003), quoting *Nielsen v Barnett*, 440 Mich 1, 8-9; 485 NW2d 666 (1992).

Conversely, the " 'purpose of a tolling provision is to protect a plaintiff from a statute of limitations defense.' "[22]

MCL 600.5851(1) creates an exception to statutes of limitations for minors and insane persons to protect their interests, and the 1993 amendments restrict that exception to statutes of limitations contained in the RJA. We presume that the Legislature was aware of the prior interpretations of MCL 600.5851(1) and that the 1993 amendments constituted a change in policy.[23] Therefore, the amendments protect potential defendants from stale demands, fear of litigation, fraudulent claims, and inconvenience caused by delay, in addition to providing plaintiffs with prompt recovery of damages and penalizing nonindustrious plaintiffs. We reject Kimberly Hatcher's assertion that those with no-fault claims have been "selectively den[ied] tolling" because any minor or insane person with claims under an act other than the RJA may be affected by the amendments.

We conclude that the purpose of enacting the 1993 amendments is a legitimate government interest. We indulge every reasonable presumption in favor of the amendments,[24] and a "statute is not unconstitutional merely because it may appear undesirable, unfair, unjust, or inhumane."[25] We cannot say that the 1993 amendments are arbitrary and completely unrelated in

---

[22] *Saffian v Simmons*, 267 Mich App 297, 303; 704 NW2d 722 (2005), quoting *Burton v Reed City Hosp Corp*, 471 Mich 745, 754-755; 691 NW2d 424 (2005).

[23] *Cameron, supra* at 101.

[24] *Phillips, supra* at 423.

[25] *Complete Auto & Truck Parts, Inc v Secretary of State*, 264 Mich App 655, 661; 692 NW2d 847 (2004).

a rational way to their objectives.[26] Therefore, we hold that the 1993 amendments, as applied in *Cameron*, are rationally related to protecting potential defendants and providing prompt recovery of damages.

### C. DUE PROCESS

#### 1. PRESERVATION

Kimberly Hatcher also raised a due process argument in her response to State Farm's motion for summary disposition, and, accordingly, State Farm addresses the issue in its brief on appeal. Although the trial court failed to rule on this issue, we will address it nonetheless, given the significance of such constitutional arguments.[27]

#### 2. REASONABLE RELATIONSHIP

The federal and state constitutions provide that no person will be deprived of life, liberty, or property without due process of law.[28] To satisfy due process, the 1993 amendments to MCL 600.5851(1) must bear a reasonable relationship to a permissible legislative objective.[29] As discussed above, the 1993 amendments, which restrict the provision to claims under the RJA, are rationally related to protecting potential defendants and providing prompt recovery of damages. Furthermore, a "statute of limitations is a procedural, not

---

[26] *Phillips, supra* at 433; *Crego, supra* at 259.

[27] See *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994) (stating that appellate consideration of an issue raised before the trial court but not specifically decided by the trial court is not precluded).

[28] US Const, Am XIV; Const 1963, art 1, § 17.

[29] *Phillips, supra* at 436.

substantive, rule"[30] that will be upheld unless a party demonstrates that it is so harsh and unreasonable in its consequences that it effectively divests " 'plaintiffs of the access to the courts intended by the grant of the substantive right.' "[31] The amendments here are not so harsh and unreasonable that they effectively deny plaintiffs access to the courts. Therefore, we conclude that the amendments do not violate the due process safeguards of the federal or state constitution.

We affirm the trial court's ruling that the right to benefits for attendant care services belongs to the injured person, but we reverse the trial court's ruling that *Cameron* was wrongly decided. Thus, we remand this case for entry of an order granting State Farm summary disposition. We do not retain jurisdiction.

---

[30] *Gleason v Dep't of Transportation*, 256 Mich App 1, 2; 662 NW2d 822 (2003).

[31] *Id.*, quoting *Forest v Parmalee*, 402 Mich 348, 359; 262 NW2d 653 (1978).