LIPTOW v STATE FARM MUTUAL AUTO INSURANCE COMPANY

Docket No. 260562. Submitted October 4, 2006, at Detroit. Decided October 24, 2006, at 9:10 a.m. Leave to appeal denied, 477 Mich ___.

Rebecca J. Liptow, as personal representative of the estate of Jelinda Burnette-Liptow, deceased, brought an action in the Wayne Circuit Court against State Farm Mutual Auto Insurance Company to recover personal protection insurance benefits for Burnette-Liptow's care. Burnette-Liptow, a minor, was injured in a car-pedestrian accident in 1994, and she required constant attendant care until her death in 2002. The Michigan Department of Community Health intervened as a plaintiff to recover Medicaid payments it made on Burnette-Liptow's behalf. The defendant moved for partial summary disposition, arguing that the "one-year-back" rule, MCL 500.3145(1), barred the recovery of any costs incurred more than one year before the complaint was filed. The trial court, John H. Gillis, Jr., J., denied the motion, ruling that the version of the minority saving provision in effect when the cause of action accrued, MCL 600.5851(1), tolled the application of the one-year-back rule. The defendant appealed.

The Court of Appeals *held*:

1. The Michigan Supreme Court held in *Cameron v Auto Club Ins Ass'n*, 476 Mich 55 (2006), that the saving provision for minors and insane persons in MCL 600.5851(1) affects only the time in which an action may be brought, and not the damages that are recoverable, and that the saving provision therefore did not operate to toll the one-year-back rule of MCL 500.3145(1). Accordingly, the one-year-back rule limits Liptow's damages regardless of which version of MCL 600.5851(1) applied.

2. MCL 600.5821(4), which renders statutes of limitations invalid with respect to actions brought by the state to recover maintenance, care, and treatment costs incurred by state institutions, applies only to actions to recover costs incurred in state institutions; it does not apply to costs of privately provided care, maintenance, or treatment.

3. MCL 600.5821(4) concerns only the time during which the state may bring an action; it does not pertain to the damages recoverable once an action has been brought. Accordingly, MCL

600.5821(4) does not operate to limit the application of the one-year-back rule with respect to the Michigan Department of Community Health.

Reversed.

FITZGERALD, P.J., concurred, stating that he continued to adhere to the position set forth in his concurrence in *Cameron v Auto Club Ins Ass'n*, 263 Mich App 95 (2006), that while the plain language of MCL 600.5851(1) indicates that its saving provision applies only to actions brought under the Revised Judicature Act and not to actions brought under the no-fault act, the Legislature did not intend that minors or insane persons be treated differently depending on the statute under which they file actions, and that the Legislature should amend MCL 600.5851(1) accordingly.

1. LIMITATION OF ACTIONS — NO-FAULT — MINORITY SAVING PROVISION — ONE-YEAR-BACK RULE.

The saving provision for minors and insane persons in the Revised Judicature Act does not toll the rule in the no-fault act that limits a plaintiff's recovery of personal protection insurance benefits to those losses that were incurred during the year before the action was commenced (MCL 600.5851[1]; MCL 500.3145[1]).

2. LIMITATION OF ACTIONS — NO-FAULT — STATE ACTIONS — ONE-YEAR-BACK RULE.

The provision that renders statutes of limitations invalid with respect to actions brought by the state to recover maintenance, care, and treatment costs incurred by state institutions, does not operate to limit the application of the statute that limits recovery of personal protection insurance benefits in an action to losses incurred during the year before the action was commenced (MCL 500.3145[1]; MCL 600.5821[4]).

*Dailey & Stearn* (by *Todd J. Stearn*) for Rebecca J. Liptow.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *James P. Delaney*, Assistant Attorney General, for the Michigan Department of Community Health.

*Romain, Kuck & Egerer, P.C.* (by *Michael P. Daniels*), for State Farm Mutual Auto Insurance Company.

Before: FITZGERALD, P.J., and MARKEY and TALBOT, JJ.

PER CURIAM. Defendant appeals by right the judgment entered in plaintiff's favor for personal injury protection (PIP) benefits following a jury determination that plaintiff's decedent was residing in Michigan with a relative whom defendant insured when she was injured in an automobile accident in North Carolina. Defendant argues that the trial court erred by not granting its motion for partial summary disposition limiting plaintiffs' damages under the one-year-back rule of MCL 500.3145(1). Defendant contends that this case is controlled by *Cameron v Auto Club Ins Ass'n*, 476 Mich 55; 718 NW2d 784 (2006). We agree and reverse.

The parties do not dispute the underlying facts. On February 1, 1994, five-year-old Jelinda Burnette-Liptow was severely injured in a pedestrian-automobile accident in North Carolina, after which she was transferred from North Carolina to Michigan. As a result of her injuries, Burnette-Liptow required constant attendant care until her death on January 24, 2002. Intervening plaintiff, the Michigan Department of Community Health (MDCH), paid more than $1.5 million for Burnette-Liptow's care, maintenance, and treatment.

On January 16, 2003, plaintiff filed a complaint alleging that, at the time of the accident, Burnette-Liptow was a resident of Michigan and lived with her grandfather, Maynard Burnette. It is undisputed that Maynard Burnette contracted with defendant for automobile insurance that extended coverage to all of Burnette's resident relatives for PIP benefits pursuant to MCL 500.3101 *et seq*. Plaintiff sought reimbursement of attendant care expenses, medical expenses, lost wages and services, and survivor's loss benefits.

Defendant answered the complaint, challenging Burnette-Liptow's residency and asserting, as an affirmative defense, that the limitations period and the one-year-back rule of MCL 500.3145(1) either barred or limited plaintiff's recovery. The MDCH, seeking recovery of Medicaid payments that it made on Jelinda's behalf for her care, successfully moved to intervene. Thereafter, defendant moved for partial summary disposition, asserting that the one-year-back rule barred plaintiff from recovering any costs for attendant care incurred more than one year before the filing of the complaint on January 16, 2003. Defendant argued that this Court's then-recent decision in *Cameron v Auto Club Ins Ass'n,* 263 Mich App 95; 687 NW2d 354 (2004), aff'd in part and vacated in part, 476 Mich 55 (2006), established that the saving clause provided for minors under MCL 600.5851(1), as amended in 1993, does not apply to MCL 500.3145(1). Consequently, the one-year-back rule unambiguously limits plaintiff's recovery to costs incurred after January 16, 2002.

Plaintiff opposed defendant's motion, arguing that the 1993 amendments of the minority saving provision of MCL 600.5851(1) became effective on April 1, 1994. Plaintiff's cause of action accrued on the date of the accident, February 1, 1994; therefore, the minority saving provision, as it stood before the 1993 amendments, applied to her no-fault act claim. Additionally, plaintiff asserted that this Court in *Cameron* improperly interpreted MCL 600.5851(1), as amended, to apply only to claims filed under the RJA, and not to claims filed under the no-fault act.

The MDCH also opposed defendant's motion, adopting both plaintiff's factual presentation and legal arguments, and also implicitly assuming that the minority saving provision tolled the one-year-back rule for the

recovery of damages. The MDCH further asserted that pursuant to MCL 600.5821(4), the one-year-back rule did not apply to its claim for reimbursement of Medicaid payments on Burnette-Liptow's behalf. The MDCH pointed out that in *Univ of Michigan Regents v State Farm Mut Ins Co,* 250 Mich App 719, 733; 650 NW2d 129 (2002), this Court explained that MCL 600.5821(4) exempts the state and its subdivisions from the limitations period set forth in MCL 500.3145(1). Therefore, the MDCH argued that, irrespective of any amendment of MCL 600.5851, it was entitled to recover all the public funds expended on Burnette-Liptow's behalf.

The trial court ruled in favor of plaintiffs, concluding that the 1993 amendment of MCL 600.5851(1) interpreted by this Court in *Cameron, supra,* did not take effect until April 1, 1994. Therefore, the trial court concluded that the prior version of the minority/insanity saving provision applied to MCL 500.3145(1).

After the trial court denied defendant's motion, the parties reached an agreement regarding the amount of damages defendant would pay under various legal scenarios. Specifically, the parties stipulated that if Burnette-Liptow were found to be a resident of her grandfather's home at the time of the accident and (1) this Court determines that the one-year-back rule does not apply to plaintiff's claims, then defendant is liable to plaintiff in the amount of $735,000 and to the MDCH in the amount of $800,000; (2) this Court determines that the one-year-back rule does apply to limit plaintiff's claims, then defendant is liable to plaintiff in the amount of $76,000; (3) this Court determines that the one-year-back rule applies, but that MCL 600.5821(4) exempts the MDCH from that rule with respect to costs incurred at state institutions, then defendant is liable to the MDCH in the amount of $300,000; or (4) this Court

determines that the one-year-back rule applies, and that MCL 600.5821(4) does not exempt the MDCH from that rule, then defendant is liable to the MDCH in the amount of $9,800.

The case proceeded to a jury trial on the sole issue whether Burnette-Liptow was a resident of her grandfather's home on the date of the accident. The jury concluded that she was. Thereafter, the trial court entered judgment in favor of plaintiff and the MDCH consistent with the parties' agreement regarding damages. Defendant then moved unsuccessfully for judgment notwithstanding the verdict or a new trial on the issue of Burnette-Liptow's residency. Defendant appeals by right.[1]

We review de novo both a trial court's grant or denial of a motion for summary disposition and questions of statutory interpretation. *Cameron, supra,* 476 Mich at 60.

We hold that MCL 500.3145(1) precludes both plaintiff and the MDCH from recovering any PIP benefits for allowable expenses incurred more than one year before the filing of the instant complaint. Thus, defendant is liable only for allowable expenses incurred after January 16, 2002. We reverse the trial court's decision denying defendant partial summary disposition.

MCL 500.3145(1) provides, in relevant part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the

---

[1] Defendant does not appeal the jury's determination of Burnette-Liptow's residency.

insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. *However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.* [Emphasis added.]

In *Cameron, supra,* 263 Mich App at 100-103, this Court held that the minority saving provision set forth in MCL 600.5851(1), as amended by 1993 PA 78, does not toll the limitations period for any cause of action whose limitations period is not governed by the Revised Judicature Act (RJA), and thus did not apply to no-fault claims, which are "subject to the limitation of MCL 500.3145(1)." *Cameron, supra,* 263 Mich App at 103. We first note that the 1993 amendment this Court interpreted in *Cameron* did not take effect on April 1, 1994, as the trial court ruled and the parties assume. The Legislature amended § 5851(1) twice in 1993. See *Hatcher v State Farm Mut Automobile Ins Co,* 269 Mich App 596, 602; 712 NW2d 744 (2006). The pertinent amendment, 1993 PA 78, in § 3 provides: "This amendatory act shall take effect October 1, 1993." Second, although prior decisions by this Court have applied the tolling provisions of § 5851(1) to the one-year-back rule of § 3145(1), see *Geiger v Detroit Automobile Inter-Ins Exch,* 114 Mich App 283; 318 NW2d 833 (1982), overruled in part *Cameron v Auto Club Ins Ass'n,* 476 Mich 55 (2006), our Supreme Court's decision in *Cameron* has rendered the effective date of the 1993 amendments to § 5851(1) immaterial to the resolution of this case.

Our Supreme Court, in affirming in part and vacating in part this Court's decision in *Cameron,* quoted

*Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 574; 702 NW2d 539 (2005), and explained:

MCL 500.3145(1) contains two limitations on the time for commencing an action and one limitation on the period for which benefits may be recovered:

"(1) An action for personal protection insurance [PIP] benefits must be commenced not later than one year after the date of accident, *unless* the insured gives written notice of injury or the insurer previously paid [PIP] benefits for the injury.

"(2) *If* notice has been given or payment has been made, the action may be commenced at any time within one year after the most recent loss was incurred.

"(3) Recovery is limited to losses incurred during the one year preceding commencement of the action."

Thus, an action for PIP benefits must be commenced within a year of the accident unless the insured gives written notice of injury or previously received PIP benefits from the insurer. If notice was given or payment was made, the action can be commenced within one year of the most recent loss. Recovery, however, is limited to losses incurred during the year before the filing of the action.

\* \* \*

[The] plaintiffs contend that the minority/insanity tolling provision in MCL 600.5851(1) applies to toll the one-year-back rule with regard to damages in MCL 500.3145(1) and, as a result, the losses incurred [more than one year before the complaint was filed] are recoverable. We disagree.

MCL 600.5851(1) provides in relevant part:

"[I]f the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or

bring the action although the period of limitations has run."

By its unambiguous terms, MCL 600.5851(1) concerns when a minor or person suffering from insanity may "make the entry or bring the action." It does not pertain to the damages recoverable once an action has been brought. MCL 600.5851(1) then is irrelevant to the damages-limiting one-year-back provision of MCL 500.3145(1). Thus, to be clear, the minority/insanity tolling provision in MCL 600.5851(1) does not operate to toll the one-year-back rule of MCL 500.3145(1). [*Cameron, supra,* 476 Mich at 61-62 (citation and internal quotation omitted; emphasis in original).]

Our Supreme Court specifically overruled *Geiger, supra,* which had reached a contrary conclusion by applying the minority/insanity tolling provision of § 5851(1) to the one-year-back rule of § 3145(1). *Cameron, supra,* 476 Mich at 62-64. Further, because the statute-of-limitations portions of § 3145(1) were not at issue in *Cameron,* as they are not in the instant case, our Supreme Court vacated as dicta that portion of this Court's opinion that discussed whether the minority saving provision as amended by 1993 PA 78 applied only to causes of action for which the statute of limitations is provided in the RJA, finding it "unnecessary in this case to reach [that] broader question." *Cameron, supra,* 476 Mich at 64.

When we apply our Supreme Court's decision in *Cameron* to this case, in which only the one-year-back portion of § 3145(1) is at issue, we must conclude that it is immaterial whether § 5851(1), as amended by 1993 PA 78, tolls the limitation periods for commencing an action contained in § 3145(1). Regardless of which version of MCL 600.5851(1) applies, that subsection cannot toll the one-year-back rule for the recovery of damages set forth in MCL 500.3145(1). *Cameron, supra,* 476

Mich at 62. Accordingly, we conclude that plaintiff's damages are limited by the one-year-back rule of § 3145(1). Because plaintiff filed the instant complaint on January 16, 2003, plaintiff may only recover allowable expenses and losses incurred after January 16, 2002. We therefore reverse the trial court's ruling to the contrary and vacate its judgment to the extent it awards plaintiff damages for losses incurred before January 16, 2002.

We reject plaintiff's constitutional claims regarding the 1993 amendments of § 5851(1). First, the amendments are not at issue in this case. Second, plaintiff has not adequately briefed her claims. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002). Finally, this Court has already rejected such constitutional claims. See *Hatcher, supra* at 602-606. Thus, plaintiff's argument has no merit.

Next, defendant argues that MCL 600.5821(4), which exempts the state and its political subdivisions from the operation of statutes of limitations when seeking to recover costs expended for maintenance, care, and treatment of persons in state institutions, does not preclude the application of the one-year-back rule of § 3145(1) to the MDCH's claim for reimbursement. We agree, finding *Univ of Michigan Regents* inapposite to the limitation of damages portion of § 3145(1), the one-year-back rule.

MCL 600.5821(4) provides:

> Actions brought in the name of the state of Michigan, the people of the state of Michigan, or any political subdivision of the state of Michigan, or in the name of any officer or otherwise for the benefit of the state of Michigan for the recovery of the cost of maintenance, care, and treatment of persons in hospitals, homes, schools, and other state institutions *are not subject to the statute of limitations and may be brought at any time without limitation, the provisions of any statute notwithstanding.* [Emphasis added.]

We review questions of statutory interpretation de novo. *Cameron, supra,* 476 Mich at 60. Our Supreme Court stated principles of statutory construction in *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 63; 642 NW2d 663 (2002):

> An anchoring rule of jurisprudence, and the foremost rule of statutory construction, is that courts are to effect the intent of the Legislature. To do so, we begin with an examination of the language of the statute. If the statute's language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written. A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. [Citations omitted.]

Further, we must accord words and phrases their plain meaning in context, considering their placement and purpose in the statutory scheme. *Shinholster v Annapolis Hosp,* 471 Mich 540, 549; 685 NW2d 275 (2004). Stated another way, the fair and natural import of the terms employed in the statute, in view of the subject matter of the law, governs. *In re Wirsing,* 456 Mich 467, 474; 573 NW2d 51 (1998).

Defendant first asserts that by its plain language, MCL 600.5821(4) applies only to actions to recover costs incurred in state institutions; it does not apply to costs of privately provided care, maintenance, or treatment. We note that the MDCH concedes that § 5821(4) does not apply to costs incurred in private institutions. We concur with the parties' interpretation of § 5821(4) because it comports with the clear language of the statute.

Next, we address whether MCL 600.5821(4) exempts the MDCH from the one-year-back rule of MCL 500.3145(1). In *Univ of Michigan Regents, supra* at 733,

this Court held that MCL 600.5821(4) applies to exempt
the state and its subdivisions from the statute of
limitations contained in MCL 500.3145(1). This Court
explained:

> Subsection 5821(4) specifically states that it applies,
> "the provisions of any statute notwithstanding." The lan-
> guage of the statute clearly indicates that the Legislature
> intended to exempt the state and its political subdivisions
> from all statutes of limitation. Thus, subsection 5821(4)
> exempts plaintiff from the statute of limitations contained
> in subsection 3145(1). [*Univ of Michigan Regents, supra* at
> 733.]

But whether the MDCH is subject to the statute of
limitations in MCL 500.3145(1) is not at issue in this
case. The MDCH is not bound by that statute of
limitations. *Univ of Michigan Regents, supra.* Also,
defendant relies only on the one-year-back rule of
§ 3145(1). Thus, the pertinent question is whether the
damages-limiting portion of MCL 500.3145(1), the one-
year-back rule, limits the MDCH's recovery. This
Court's ruling in *Univ of Michigan Regents* is of no
assistance in this determination. The issue appears to
be one of first impression.

MCL 600.5821(4) provides that actions brought by
the state or its subdivisions to recover the cost of
maintenance, care, and treatment of persons in state
institutions "are not subject to the statute of limitations
and may be brought at any time without limitation, the
provisions of any statute notwithstanding." We con-
clude that, by the plain import of this language, the
Legislature intended to exempt the state from statutes
of limitations when bringing an action to recover public
funds. The language refers to statutes of limitations
and provides that an action may be brought at any time.
But the statute does not address damage limitation

provisions or any other limiting provisions. In other words, like the minority tolling provision, MCL 600.5821(4) concerns the *time* during which the state may bring an action; it "does not pertain to the damages recoverable once an action has been brought." *Cameron, supra*, 476 Mich at 62. Accordingly, we conclude that MCL 600.5821(4), like the minority tolling provision of MCL 600.5851(1), does not operate to toll the one-year-back rule of MCL 500.3145(1). *Cameron, supra*, 476 Mich at 61-62. Therefore, we hold that defendant is liable to the MDCH only for costs it incurred for Burnette-Liptow's care, maintenance, and treatment in state institutions within one year before the filing of the complaint.

We reverse and remand for entry of an amended judgment consistent with this opinion and the parties' stipulation regarding damages, which, under this scenario, awards plaintiff $76,000 and the MDCH $9,800. We do not retain jurisdiction.

FITZGERALD, P.J. (*concurring*). In my concurring opinion in *Cameron v Auto Club Ins Ass'n,* 263 Mich App 95, 103-104; 687 NW2d 354 (2004), aff'd in part and vacated in part, 476 Mich 55 (2006), I concurred with the majority's conclusion that, since the effective date of the 1993 amendment of MCL 600.5851(1), the plain language of the general saving provision does not apply to actions commenced under the no-fault act. However, I stated:

> I do not believe that the Legislature intended this result and, therefore, I urge the Legislature to amend § 5851(1). Minors or insane persons are under the same disability whether their actions are under the RJA or the no-fault act. "[T]he defendant in one case is generally in no greater need than the defendant in the other of protection from delay in commencement of the action." See *Lambert v Calhoun,* 394

Mich 179, 190-191; 229 NW2d 332 (1975). [*Cameron, supra*
at 104 (FITZGERALD P.J., concurring).]

I continue to adhere to this position.