# STATE OF MICHIGAN

# COURT OF APPEALS

GEORGE EUBANKS and PATRICK GARRETT,

        Plaintiffs,

and

GET WELL MEDICAL TRANSPORT,
ADVANCED CARE REHAB, and SINAI
DIAGNOSTIC GROUP,

        Intervening Plaintiffs-Appellees,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
July 18, 2017

No. 330078
Wayne Circuit Court
LC No. 14-008555-NF

Before: JANSEN, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Defendant State Farm Mutual Automobile Insurance Company appeals as of right the October 19, 2015 order of the trial court denying its motion for summary disposition of the claims of intervening plaintiffs Get Well Medical Transport, Advanced Care Rehab, and Sinai Diagnostic Group (Intervening Plaintiffs). In light of our Supreme Court's decision in *Covenant Med Center, Inc v State Farm Mut Auto Ins Co*, ___ Mich ___; 895 NW2d 490 (2017) (Docket No. 152758), we reverse and remand.

This case arises from a motor vehicle accident that occurred on July 8, 2013. On that date, plaintiff George Eubanks was a passenger in a car that was traveling on a road in Wayne County when it was struck by a hit-and-run driver. Plaintiff allegedly sustained injuries during the crash. Plaintiff did not have auto insurance, nor was the car in which he was a passenger insured. Plaintiff applied for personal protection insurance (PIP) benefits with the Michigan Assigned Claims Plan, and the claim was assigned to defendant. Plaintiff, along with fellow

-1-

passenger Patrick Garrett,[1] later filed a complaint with the trial court initiating this action seeking benefits from defendant. The trial court thereafter permitted appellees to intervene before the trial court seeking payment for medical services allegedly provided to plaintiff in connection with his alleged injury.

After plaintiff failed to comply with discovery and failed to appear, the trial court entered an order dismissing plaintiff's claim with prejudice. Defendant thereafter moved for summary disposition of the claims of intervening plaintiffs, arguing that the claims of the intervening plaintiffs were derivative of plaintiff's claim and that the dismissal with prejudice of plaintiff's claim necessitated the dismissal of the claims of intervening plaintiffs. Following a hearing, the trial court denied the motion for summary disposition, concluding that the claims of intervening plaintiffs were not extinguished by the dismissal of plaintiff's claim. This Court thereafter granted defendant's application for leave to appeal.

On appeal, defendant contends that the trial court erred by failing to grant its motion for summary disposition of intervening plaintiffs' claims. Defendant argues that because plaintiff's claim for PIP benefits was dismissed with prejudice by the trial court, intervening plaintiffs' derivative claims are also precluded. We now resolve this question in accordance with our Supreme Court's recent decision in *Covenant Med Center*.

The record in this case does not indicate the section of MCR 2.116(C) pursuant to which defendant moved for partial summary disposition, and the trial court did not specify under which section of that court rule it decided the motion. It appears, however, that the most applicable section of the rule is MCR 2.116(C)(10), which provides that summary disposition is to be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See, e.g., *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 520; 895 NW2d 188 (2016). When reviewing an order issued pursuant to MCR 2.116(C)(10), we consider all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*. We review the trial court's decision on a motion for summary disposition de novo. *Id*. We also review de novo questions of statutory interpretation. *McCahan v Brennan*, 492 Mich 730, 736; 822 NW2d 747 (2012).

Pursuant to MCL 500.3112, "[p]ersonal protection insurance benefits are payable to *or for the benefit of* an injured person or, in case of his death, to or for the benefit of his dependents." (emphasis added). Before our Supreme Court's recent decision in *Covenant Med Center*, this Court had specifically held that the language of MCL 500.3112 permitted a healthcare provider who had provided services to an insured to maintain a direct cause of action against an insurer to recover PIP benefits under this state's no-fault act. *Wyoming Chiropractic Health Clinic, PC v Auto-Owners Ins Co*, 308 Mich App 389, 401; 864 NW2d 598 (2014), overruled by *Covenant Med Center,* ___ Mich at ___, slip op 3. This Court, however, also had held that the right to bring a claim for PIP benefits, including claims for healthcare provider services, belonged to the insured. *Hatcher v State Farm Mut Auto Ins Co*, 269 Mich App 596, 600; 712 NW2d 744 (2006).

---

[1] Garrett's claims were ultimately settled and dismissed, and he is not a party to this appeal.

Our Supreme Court conclusively resolved this issue in *Covenant Med Center*. In *Covenant Med Center*, the insured was injured in an auto accident and sought benefits from the defendant insurer, who paid benefits to the injured insured in exchange for a release from further liability. Meanwhile, a healthcare provider who allegedly had provided services to the injured insured notified the defendant insurer of its claim to PIP benefits before the release was executed. After the release was executed, the defendant insurer argued that the release barred the healthcare provider's claim to PIP benefits because the injured insured was no longer entitled to benefits. The trial court granted the defendant insurer summary disposition on the ground that the release barred the healthcare provider from benefits. This Court reversed the trial court's grant of summary disposition to the defendant insurer, reasoning that even though the provider's right to benefits was based upon the insured's right to benefits, the provider was not barred by the release because the defendant insurer knew about the provider's claim and had proceeded without complying with MCL 500.3112.

Our Supreme Court reversed the decision of this Court in *Covenant Med Center*, specifically holding that "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." *Covenant Med Center*, ___ Mich at ___, slip op 2. Specifically with respect to MCL 500.3112, our Supreme Court stated:

> While this provision undoubtedly allows no-fault insurers to directly pay healthcare providers for the benefit of an injured person, its terms do not grant healthcare providers a statutory cause of action against insurers to recover the costs of providing products, services, and accommodations to an injured person. Rather, MCL 500.3112 permits a no-fault insurer to discharge its liability to an injured person by paying a healthcare provider directly, on the injured person's behalf. [*Id*. at ___, slip op 2.]

Our Supreme Court further determined that no other provision of the no-fault act grants a statutory cause of action to healthcare providers for the recovery of personal protection benefits from an insurer, concluding:

> And further, no other provision of the no-fault act can reasonably be construed as bestowing on a healthcare provider a statutory right to directly sue no-fault insurers for recovery of no-fault benefits. We therefore hold that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act. The Court of Appeals caselaw concluding to the contrary is overruled to the extent that it is inconsistent with this holding.

> * * *

> In sum, a review of the plain language of the no-fault act reveals no support for plaintiff's argument that a healthcare provider possesses a statutory cause of action against a no-fault insurer. This conclusion does not mean that a healthcare provider is without recourse; a provider that furnishes healthcare services to a person for injuries sustained in a motor vehicle accident may seek payment from

-3-

the injured person for the provider's reasonable charges. However, a provider simply has no statutory cause of action of its own to directly sue a no-fault insurer. (footnotes omitted) [*Id*. at ___, ___, slip op 2-3, 23-24.]

In accordance with *Covenant Med Center*, we hold that intervening plaintiffs in this case have no statutory cause of action against defendant for recovery of personal protection insurance benefits under the no-fault act. The trial court in this case therefore erred in denying defendant's motion for summary disposition. See *id*.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Jane M. Beckering
/s/ Michael F. Gadola

-4-