WARD v MICHIGAN STATE UNIVERSITY (ON REMAND)

Docket No. 281087. Submitted November 23, 2009, at Lansing. Decided January 7, 2010, at 9:00 a.m.

On remand, the Court of Appeals *held*:

1. The Court of Claims erred by failing to grant defendant's motion for summary disposition of the public building exception claim because plaintiffs failed to serve defendant notice of the occurrence of the incident as required by MCL 691.1406 as a precondition to bringing suit under the public building exception to governmental immunity. Plaintiffs did not substantially comply with the statute. The statute does not require the governmental agency to show prejudice before the statute may be enforced. The Court of Claims' denial of defendant's motion for summary disposition of this claim must be reversed.

2. Although a provision of MCL 691.1406 does require that as a condition of liability for a defective building the governmental agency have actual or constructive knowledge of the defect before the incident, this provision does not diminish the separate requirement of the statute that the injured person serve a notice with the required information in the specified way, on the appropriate representative of the agency, and within 120 days as a condition to any recovery for injuries sustained by reason of any dangerous or defective public building.

3. Plaintiffs failed to show that defendant operated its ice hockey program primarily to generate a profit. Intercollegiate athletics is a governmental function of a state university or college that entitles it to governmental immunity. The Court of Claims properly granted summary disposition to defendant with regard to the proprietary function claim. The grant of summary disposition to defendant with regard to this claim must be affirmed.

Affirmed in part and reversed in part.

*Church, Kritselis & Wybel, P.C.* (by *James T. Heos*), for plaintiffs.

*Michael J. Kiley* for defendant.

ON REMAND

Before: OWENS, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM. This case comes before the Court on remand for reconsideration after our Supreme Court vacated our previous opinion. See *Ward v. Michigan State Univ*, unpublished opinion per curiam of the Court of Appeals, issued January 27, 2009 (Docket No.

281087), vacated and remanded 485 Mich 917 (2009). Defendant appeals by right the Court of Claims' denial of its motion for summary disposition under MCR 2.116(C)(7) and (8) with regard to plaintiffs' claims under the public building exception to governmental immunity. Plaintiffs cross-appeal, challenging the Court of Claims' grant of summary disposition to defendant as to plaintiffs' claims under the proprietary function exception to governmental immunity. On reconsideration, we again affirm the Court of Claims' grant of summary disposition to defendant regarding plaintiffs' claim in avoidance of governmental immunity under the proprietary function exception. But we reverse the trial court's denial of summary disposition to defendant regarding plaintiffs' claim under the public building exception.

In our prior opinion reversing the Court of Claims' denial of summary disposition to defendant regarding plaintiffs' claim under the public building exception, we relied in part on *Chambers v Wayne Co Airport Auth*, 482 Mich 1136 (2008) (*Chambers II*). That case reversed this Court's unpublished opinion per curiam, issued June 5, 2008 (Docket No. 277900) (*Chambers I*), for the reasons stated in Judge MURRAY's dissent. We reasoned in our prior opinion that because a peremptory order of our Supreme Court is binding precedent in this Court if it can be understood, *Evans & Luptak, PLC v Lizza*, 251 Mich App 187, 196; 650 NW2d 364 (2002), we were bound by our Supreme Court's adoption of the dissent in this Court in *Chambers I* because it constituted binding precedent. However, on reconsideration, our Supreme Court subsequently vacated its order in *Chambers II* and denied defendant's application for leave to appeal this Court's decision in *Chambers I*. *Chambers v Wayne Co Airport Auth*, 483 Mich 1081 (2009) (*Chambers III*). The net result of *Chambers III*

was to negate the precedential effect of *Chambers II* and the dissenting opinion in *Chambers I*. Of course, the majority opinion in *Chambers I* also lacks precedential effect. MCR 7.215(C)(1).

Plaintiffs allege that on March 12, 2004, while attending a college hockey game at defendant's ice arena, a hockey puck struck and injured the principal plaintiff, Carla Ward. Plaintiffs contend that a defect, specifically the lack of Plexiglass protecting one section of spectators from the ice rink in defendant's building, caused the incident. One of defendant's employees apparently assisted plaintiff after she was injured and until an ambulance arrived to transport plaintiff for medical treatment. Critically, plaintiffs never served defendant with a notice of claim or information required by MCL 691.1406. Rather, plaintiffs' counsel on December 30, 2004, mailed a letter addressed to "Sir/Madam" at "MSU Munn Ice Arena, East Lansing, MI, 48823." In this letter, counsel advised that he represented the principal plaintiff "in the matter of personal injuries she sustained as a result of an automobile accident" on March 12, 2004. Plaintiffs' counsel mailed a second and similar letter on January 21, 2005. Both letters suggested that the matter be referred to defendant's insurance carrier and that counsel be contacted directly if defendant lacked insurance. The letters did not indicate the specific cause or nature of the injury, indicate the exact location and nature of any defect in the ice arena, or provide the names of any witnesses to the incident known to plaintiffs.

We review de novo both a trial court's grant or denial of a motion for summary disposition and questions of statutory interpretation. *Liptow v State Farm Mut Auto Ins Co*, 272 Mich App 544, 549; 726 NW2d 442 (2006). When the language of a statute is unambiguous, we

must assign the words the Legislature uses their plain meaning and apply the statute as written. *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007).

Defendant argues that the Court of Claims erred by failing to grant its motion for summary disposition because plaintiffs failed to serve defendant notice of the occurrence of the incident as required by MCL 691.1406 as a precondition to bringing suit under the public building exception to governmental immunity. We must agree.

MCL 691.1406 provides, in pertinent part:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. Knowledge of the dangerous and defective condition of the public building and time to repair the same shall be conclusively presumed when such defect existed so as to be readily apparent to an ordinary observant person for a period of 90 days or longer before the injury took place. *As a condition to any recovery for injuries sustained by reason of any dangerous or defective public building*, the injured person, within 120 days from the time the injury occurred, shall serve a notice on the responsible governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

> The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed

against the responsible governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding. . . . Notice to the state of Michigan shall be given as provided in section 4.[1] [MCL 691.1406 (emphasis added).]

We conclude that MCL 691.1406 is clear and unambiguous. And we must enforce its plain language as written. *Rowland, supra* at 200, 202. First, the emphasized language above unambiguously requires compliance with the statute's notice requirements as a precondition to "any recovery for injuries sustained by reason of any dangerous or defective public building . . . ." Second, the statute plainly sets forth elements required for a compliant notice. The statute specifies who must serve the notice ("the injured person"), on whom the notice must be served ("any individual . . . who may lawfully be served with civil process directed against the responsible governmental agency"), what information the notice must contain ("the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant"), and the manner in which the notice must be served ("either personally, or by certified mail, return receipt requested"). Although the statute does not explicitly so provide, it patently implies that these elements of the required notice must be in writing. Here, plaintiffs failed to serve a notice compliant with the statute on defendant. Not only were the letters apparently not mailed certified, return receipt requested, they were not mailed to individuals who could accept civil process for defendant, did not contain the information required by the statute, and were not timely. Accordingly, the plain language of MCL 691.1406 re-

---

[1] Section 4 is the defective highway exception to governmental immunity, MCL 691.1404. See *Rowland*, enforcing its similar notice provision as written.

quires dismissal of plaintiffs' claims for injuries allegedly sustained by reason of an alleged defect in defendant's ice arena.

Plaintiffs' arguments to the contrary are unavailing. Citing *Brown v Manistee Co Rd Comm*, 452 Mich 354; 550 NW2d 215 (1996), plaintiffs argue that (1) they substantially complied with the notice requirement of MCL 691.1406 and (2) summary disposition is improper because defendant failed to establish it was prejudiced. *Brown, supra* at 365-366, reaffirmed the rule of *Hobbs v State Hwys Dep't*, 398 Mich 90; 247 NW2d 754 (1976), which required a showing of prejudice before a failure to comply with a notice provision would bar a claim against the government. Both *Brown* and *Hobbs* have been overruled. *Rowland, supra* at 200, 223. Further, there is nothing in the wording of MCL 691.1406 that requires the government to show prejudice before the statute may be enforced. Reading a prejudice requirement into the statute would be contrary to settled principles of statutory construction in general and the construction of exceptions to government immunity in particular. " '[A] court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.' " *Liptow, supra* at 554, quoting *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). Moreover, exceptions to governmental immunity are to be narrowly construed. *Maskery v Univ of Michigan Bd of Regents*, 468 Mich 609, 614; 664 NW2d 165 (2003).

The record does not support plaintiffs' argument that they substantially complied with the statute. As noted above, plaintiffs completely failed to comply with the notice requirement of the statute. The letters that plaintiffs' counsel mailed were not sent to a particular

individual but were addressed to defendant's ice arena and were apparently not sent certified, return receipt requested; they were not mailed to persons who could lawfully receive civil process on defendant's behalf; they did not contain the information the statute requires; and finally, the letters were mailed more than nine months after the incident, well beyond the 120-day notice period MCL 691.1406 requires. In essence, plaintiffs argue that we should ignore the statute's requirements because defendant may have acquired the information that the statute requires the injured party to convey in the notice by other means. Specifically, plaintiffs argue that the alleged defect was apparent and note that one of defendant's employees attended to plaintiff before she was transported for medical treatment. While the second sentence of MCL 691.1406 does require that as a condition of liability for a defective building the governmental agency have actual or constructive knowledge of the defect *before* the incident, this provision does not diminish the separate requirement of the last half of the statute that the injured person serve a notice with the required information in the specified way, on the appropriate representative of the agency, and within 120 days "[a]s a condition to any recovery for injuries sustained by reason of any dangerous or defective public building . . . ." MCL 691.1406.

Because in this case plaintiffs completely failed to comply with the notice requirement of MCL 691.1406, the Court of Claims erred by not granting defendant's motion for summary disposition regarding plaintiffs' claim under that exception to governmental immunity.[2]

---

[2] Because defendant is entitled to summary disposition on the public building exception claim, we need not consider whether defendant was also entitled to summary disposition on the basis of plaintiffs' failure to provide the required notice under the Court of Claims Act. MCL 600.6401 *et seq.*

Next, we note that our Supreme Court's order remanded this case for our reconsideration of "defendant's appeal" in light of the Court's order in *Chambers III*. The Court's order, however, denied leave to appeal regarding the remaining question, which is plaintiffs' cross-appeal. But because our Supreme Court's order vacated our prior judgment, we adopt our prior opinion regarding plaintiffs' cross-appeal.

Plaintiffs assert on cross-appeal that defendant is not immune from tort liability because the principal plaintiff's injury resulted from a proprietary function. We disagree.

The governmental tort liability act (GTLA) provides that, in general, governmental agencies engaged in governmental functions are immune from tort liability. MCL 691.1407(1). The GTLA defines "governmental function" as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(f).

In *Harris v Univ of Michigan Bd of Regents*, 219 Mich App 679; 558 NW2d 225 (1996), we held that according to well-established caselaw "this definition is to be broadly applied and requires only that 'there be *some* constitutional, statutory or other legal basis for the activity in which the governmental agency was engaged.' " *Id.* at 684 (citations omitted; emphasis in original). Also, we look to the general activity involved rather than the specific conduct engaged in when the alleged injury occurred. *Smith v Dep't of Pub Health*, 428 Mich 540, 609-610; 410 NW2d 749 (1987) (opinion by BRICKLEY, J.).

The GTLA provides an exception to governmental immunity when an agency is engaged in proprietary functions. MCL 691.1413 states as follows:

> The immunity of the governmental agency shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as defined in this section. Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees. No action shall be brought against the governmental agency for injury or property damage arising out of the operation of proprietary function, except for injury or loss suffered on or after July 1, 1965.

To constitute a proprietary function an activity "(1) must be conducted primarily for the purpose of producing a pecuniary profit, and (2) it cannot be normally supported by taxes and fees." *Coleman v Kootsillas*, 456 Mich 615, 621; 575 NW2d 527 (1998). That the activity consistently generates a profit may show an intent to produce a profit. *Id*. But, that "is not sufficient to make the activity proprietary because generating a profit must be the *primary* motive." *Harris*, *supra* at 690 n 2 (citation omitted; emphasis in original). Where the profit is deposited and how it is spent are relevant factors in determining the primary purpose of the activity as well. *Coleman*, *supra* at 621. "[U]se of profits to defray the expenses of the activity itself indicates a nonpecuniary purpose." *Harris*, *supra* at 690 n 2 (citation omitted).

In *Harris*, we found that the University of Michigan was engaged in a governmental function under the GTLA in its operations of its athletic department and intercollegiate gymnastics team. We stated:

> Given the broad definition of a governmental function, and in light of the history of intercollegiate athletics at Michigan universities and colleges that has historic sup-

port from the Michigan Legislature, we find that intercollegiate athletics is a governmental function for purposes of immunity. [*Id.* at 685].

Plaintiffs contend that times have changed since *Harris* and argue that defendant's expansion of athletic facilities, firing and hiring of specific coaches, and concern with the success of its teams show that defendant intends to financially profit from its athletics department. In short, plaintiffs make factual allegations about defendant's athletic program without making a meaningful legal argument. Plaintiffs allege that the department is profitable and claim that it receives $3,829,293 in revenue above its expenses, but defendant has offered an affidavit stating the ice hockey program specifically has been operating at a loss for the last 20 years. Plaintiffs also assert that the profits are used to sustain defendant, failing to recognize that "[a] governmental agency may conduct an activity on a self-sustaining basis without being subject to the proprietary function exception." *Harris, supra* at 690 (citation omitted).

We conclude that *Harris* requires us to hold that defendant's operation of its ice hockey program did not constitute a proprietary function. Further, regardless of *Harris*, plaintiffs have failed to show that defendant operated its ice hockey program primarily to generate a profit.

We affirm the grant of summary disposition to defendant as to the proprietary function claim but reverse the denial of summary disposition to defendant on the public building exception claim. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.