# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER CURTS and GERALD CURTS,

       Plaintiff-Appellants,

v

MOTT COMMUNITY COLLEGE and MOTT
COMMUNITY COLLEGE BOARD OF
TRUSTEES,

       Defendant-Appellees.

UNPUBLISHED
March 23, 2017

No. 330525
Genesee Circuit Court
LC No. 15-105037-CK

Before: M. J. KELLY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiffs, Jennifer and Gerald Curts,[1] appeal as of right the trial court's order granting summary disposition in favor of defendant Mott Community College Board of Trustees (Mott Community College). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

In October 2014, Curts, a student at Mott Community College, was injured when she tripped and fell on a step in a classroom auditorium. As a result of her fall, Curts received a laceration on her lip and sustained severe injuries to her neck, back, and hip. In August 2015, Curts filed a negligence suit against Mott Community College, and her husband brought a claim for loss of consortium.[2]

In response, Mott Community College filed a motion for summary disposition, asserting that it was a governmental agency entitled to governmental immunity under the governmental tort liability act, MCL 691.1401 *et seq*. The college also asserted that any attempt to amend the complaint to plead in avoidance of governmental immunity would be futile because Curts had

---

[1] Because plaintiff Gerald Curts only alleged derivative claims based on plaintiff Jennifer Curts's injuries, we will refer to Jennifer Curts, individually, as "Curts" in this opinion.

[2] Curts's original complaint named the Mott Community College Education Association as the sole defendant, but she later voluntarily dismissed that claim without prejudice.

-1-

failed to provide the college with statutory notice as required under the public building exception in MCL 691.1406. Curts countered that she believed the college was not a governmental agency because it was not created by a local vote, the constitution, or an act of the legislature. In the alternative, she asked the court to grant her leave to amend her complaint to plead in avoidance of governmental immunity. She claimed that she could satisfy the statutory notice requirements because a police report detailing the incident and her injuries had been filed, because Mott Community College's insurer had sent her a letter indicating that it had been notified by the school about her injury, and because she averred in an affidavit that she had met with and discussed the incident with several Mott Community College employees. In a reply brief, Mott Community College argued that the police report, insurance letter, and affidavit were insufficient to satisfy the notice requirements.

After oral argument, the trial court held that Mott Community College was a governmental agency entitled to governmental immunity as provided in the governmental tort liability act. Further, the court held that Curts had failed to give proper notice under MCL 691.1406, so the public building exemption did not apply. Accordingly, the court granted the college's motion for summary disposition and did not grant Curts's motion for leave to amend her complaint.

This appeal follows.

## II. GOVERNMENTAL IMMUNITY

### A. STANDARD OF REVIEW

On appeal, Curts argues that the trial court erred in granting the college summary disposition and that it abused its discretion in denying her motion for leave to amend her complaint. A trial court's decision to grant summary disposition is reviewed de novo. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Likewise, the applicability of governmental immunity is a question of law that we review de novo. *Dybata v Wayne Co*, 287 Mich App 635, 638; 791 NW2d 499 (2010). A trial court's decision to deny a leave to amend a pleading is reviewed for an abuse of discretion. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997).

### B. ANALYSIS

The governmental tort liability act "broadly shields and grants to governmental agencies immunity from tort liability when an agency is engaged in the exercise or discharge of a governmental function." *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012), citing MCL 691.1407(1). Curts argues that it is not "facially evident" that Mott Community College is a governmental agency. She asserts that, under *Hall v Medical College of Ohio*, 742 F 2d 299 (CA 6, 1984), whether a college is actually a governmental agency should be determined on a case-by-case basis and that it is a "misuse of justice" to merely grant summary disposition on the assumption that she should have known that Mott Community College was a governmental agency. *Hall*, however, addressed immunity under the Eleventh Amendment of the United States Constitution, and is inapposite to this case. See *id*. at 302. Moreover, the plain language of the governmental tort liability act provides that *by definition* Mott Community

-2-

College is a governmental agency for purposes of the act. See MCL 691.1401(1)(a) (defining "governmental agency" as either "this state" or a "political subdivision.") and MCL 691.1401(1)(e) (defining a "political subdivision" in relevant part as a "community college district."). Therefore, the trial court did not err in finding that Mott Community College was a governmental agency entitled to governmental immunity under the governmental tort liability act.

Additionally, the trial court did not abuse its discretion by denying Curts's motion for leave to amend her complaint to plead in avoidance of governmental immunity. Curts argues that because the public building exception to governmental immunity, MCL 691.1406, applies in her case she should be allowed to proceed. The trial court, however, found that an amendment would be futile because Curts cannot satisfy the statutory notice requirements for the public building exception. MCL 691.1406 provides:

> As a condition to any recovery for injuries sustained by reason of any dangerous or defective public building, the injured person, within 120 days from the time the injury occurred, shall serve a notice on the responsible governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.
>
> The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the responsible governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding.

Curts argues that she satisfied the notice requirement. In support, she directs our attention to a campus police report filed after her accident, a letter she received from Mott Community College's insurance provider that indicated the college had notified the insurance company about her accident and injuries, and an affidavit she signed stating that she had discussed the accident and her injuries with various employees at Mott Community College.

In *Ward v Michigan State Univ (On Remand)*, 287 Mich App 76, 81: 782 NW2d 514 (2010), this Court held that the statute's notice requirements were a precondition to recovery under the public building exception. Further, we held:

> The statute specifies who must serve the notice ("the injured person"), on whom the notice must be served ("any individual . . . who may lawfully be served with civil process directed against the responsible governmental agency"), what information the notice must contain ("the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant"), and the manner in which the notice must be served ("either personally, or by certified mail, return receipt requested"). Although the statute does not explicitly provide, it patently implies that these elements of the required notice be in writing. [*Id*.]

Here, it is undisputed that Curts, the injured person, did not serve a written notice on anyone. Although she orally recounted her accident to the campus police, the police report was undeniably not a written notice that Curts served on Mott Community College. Further, the police report only states in general terms that Curts tripped on a step while leaving the auditorium after someone pulled the fire alarm. It does not state which step she tripped on, how the step was defective, or how the defective step caused her fall and injuries. The police report also does not state all of the injuries sustained by Curts, nor does it provide the names of any witnesses known to Curts. As a result, the police report was insufficient to satisfy the notice statutory notice requirements.

Further, although Curts had oral conversations about the incident with various individuals associated with Mott Community College, those communications are also insufficient to satisfy the notice requirement. It is axiomatic that a written notice requirement cannot be satisfied by an oral account of the incident. Thus, even assuming that Curts's oral accounts contained sufficient detail to otherwise satisfy MCL 691.1406, the fact that the conversations were not in a writing properly served by Curts on an appropriate individual is fatal to her claim.

Affirmed.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Amy Ronayne Krause

-4-