*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

W. OTIS CULPEPPER,

      Plaintiff-Appellee,

v

COUNTY OF WAYNE,

      Defendant-Appellant.

UNPUBLISHED
December 12, 2019

No. 345026
Wayne Circuit Court
LC No. 16-010014-NO

Before: RONAYNE KRAUSE, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right an order denying its motion for summary disposition premised on governmental immunity under MCR 2.116(C)(7) for failure to provide the notice required by MCL 691.1406. We reverse.

This case arises out of a slip and fall at the Wayne County's Jail Division 2 (Old Wayne County Jail). Plaintiff was walking down the stairs when his foot slipped and he fell, sustaining injuries. Plaintiff, through his attorney, served Wayne County Sheriff Benny Napoleon by regular, first-class mail with notice of his intent to file a claim against the Wayne County Jail.

Plaintiff then filed a complaint alleging negligence against defendant. Defendant filed a motion for summary disposition under MCR 2.116(C)(7) and (10). Defendant argued that it was immune from liability under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, because plaintiff did not provide the notice required by MCL 691.1406. Defendant noted that the notice was not personally delivered or sent by certified mail, return receipt requested, to a person who may lawfully be served with civil process for Wayne County, such as the Wayne County Commission Chair or the Wayne County Clerk. Defendant further alleged that the content of the notice was defective because it failed to identify the alleged building defect with specificity.

Plaintiff responded to defendant's motion for summary disposition, arguing that the notice provided by first-class mail to the Wayne County Sheriff was sufficient. Plaintiff asserted that defendant's argument alleging a lack of notice was wholly devoid of support because defendant had actual notice of the dangerous condition and the content of the notice stated the

-1-

specific jail and highlighted the jail's steps as the defect. Additionally, plaintiff argued that the Wayne County Jail was a separate entity from Wayne County. And because Sheriff Napoleon was the Chief Executive Officer of the Wayne County Jails, Sheriff Napoleon was the proper person to receive the notice. The trial court agreed and denied defendant's motion. This appeal followed.

Defendant argues that the trial court erred by denying its motion for summary disposition because the plain text of MCL 691.1406 requires notice to be served personally or by certified mail, return receipt requested, to a person who is appointed by law to receive civil service for the county under MCR 2.105. We agree.

A trial court's decision on a motion for summary disposition under MCR 2.116(C)(7) is reviewed de novo. *Grimes v Mich Dep't of Transp*, 475 Mich 72, 76; 715 NW2d 275 (2006). Summary disposition is proper under MCR 2.116(C)(7) when a claim is barred by immunity granted by law. *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001). All documentary evidence submitted by the parties is considered, and the allegations in the complaint are accepted as true unless specifically contradicted by appropriate documents. *Id.* "If no facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred by governmental immunity is an issue of law." *Pierce v City of Lansing*, 265 Mich App 174, 177; 694 NW2d 65 (2005). "Questions of statutory interpretation are also reviewed de novo." *Grimes*, 475 Mich at 76.

Defendant argues that plaintiff departed from the requisite notice procedure in two respects: (1) by mailing the notice using first-class mail, rather than personally delivering or mailing by certified mail, return receipt requested, as outlined in MCL 691.1406; and (2) by providing notice to Sheriff Napoleon, Chief Executive Officer of the Wayne County Jails, instead of the Wayne County Commission Chair and the Wayne County Clerk, as required by MCL 691.1406 and MCR 2.105(G)(1). Both deviations from the procedure outlined by MCL 691.1406 mandate dismissal of plaintiff's claim. We agree.

Under the GTLA, a government agency is granted broad immunity from suit for actions undertaken in the performance of its governmental functions with limited applicable exceptions. *Fane*, 465 Mich at 74; see also MCL 691.1407(1). "[T]he operation of a jail by a county is a governmental function." *Hill v City of Saginaw*, 155 Mich App 161, 170; 399 NW2d 398 (1986). Plaintiff brought this action under the public-building exception to governmental immunity which is codified in MCL 691.1406, and states, in pertinent part:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. Knowledge of the dangerous and defective condition of the public building and time to repair the same shall be conclusively presumed when such defect existed so as to be readily apparent to an ordinary observant person for a period of 90 days or longer before the injury took place.

"[E]xceptions to governmental immunity are to be narrowly construed." *Ward v Mich State Univ (On Remand)*, 287 Mich App 76, 82; 782 NW2d 514 (2010). And "because the government may voluntarily subject itself to liability, it may also place conditions or limitations on the liability imposed." *McCahan v Brennan*, 492 Mich 730, 736; 822 NW2d 747 (2012). "A condition for recovery under the public-building exception, MCL 691.1406, is the provision of notice . . . ." *Pike v Northern Mich Univ*, 327 Mich App 683, ___; ___ NW2d ___ (2019) (Docket No. 344083); slip op at 3. MCL 691.1406 explicitly outlines how service is to be effectuated and upon whom notice can be served:

> As a condition to any recovery for injuries sustained by reason of any dangerous or defective public building, the injured person, within 120 days from the time the injury occurred, shall serve a notice on the responsible governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

> The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the responsible governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding.

"MCL 691.1406 is clear and unambiguous. And we must enforce its plain language as written." *Ward*, 287 Mich App at 81. It "unambiguously requires compliance with the statute's notice requirements as a precondition to 'any recovery for injuries sustained by reason of any dangerous or defective public building . . .' " *Id.*, quoting MCL 691.1406. Failure to provide a compliant notice is fatal to a claim against a government agency. *Goodhue v Dep't of Transp*, 319 Mich App 526, 535; 904 NW2d 203 (2017) (citation omitted).

Defendant first asserts that plaintiff's notice was deficient because it was sent by first-class mail. Plaintiff admits that the notice was provided by first-class mail. The plain text of MCL 691.1406 states that "[t]he notice may be served . . . either personally, or by certified mail, return receipt requested . . . ." Plaintiff's method of notice was thus contrary to the plain language of the notice requirement in MCL 691.1406.

Notwithstanding this unambiguous language, the trial court concluded that "the notice that was provided here is adequate to provide this case to move forward at this time." The trial court seemingly justifies its conclusion in its reference to *Russell v City of Detroit*, 321 Mich App 628; 909 NW2d 507 (2017). In *Russell*, the plaintiff had been injured from an allegedly defective city street and claimed that the defendant was liable because of the highway exception to the GTLA, codified at MCL 691.1404. *Id.* at 630-632. The language of the notice provision of MCL 691.1404 mirrors that of MCL 691.1406. *Id.* at 638 n 2. On appeal from the trial court's denial of the defendant's motion to dismiss, the defendant claimed that the method of notice was deficient, in part, because it was served by the plaintiff's attorney, and not by the plaintiff. *Id.* at 636-637. Relying on statutory interpretation and established agency principles, this Court held that "this directive to serve the governmental agency is fully satisfied when an injured person engages an agent to hand deliver the notice or to mail it via certified mail, return receipt requested." *Id.* at 645-646.

*Russell* did not address the provision of notice via first-class mail. Its conclusion explicitly specified that provision of service by an agent is acceptable *when hand-delivered or when mailed by certified letter*. *Russell*, 321 Mich App at 645-646. Furthermore, nowhere in *Russell* does this Court indicate that substantial compliance with the notice requirement of MCL 691.1404 suffices to permit a suit to move forward. Rather, this Court concluded that, in MCL 691.1404, "the injured person is given broad responsibility to serve notice," and provision of notice by an agent on behalf of the injured party was sufficient to meet this responsibility. *Russell*, 321 Mich App at 645-646. Therefore, the trial court's conclusion cannot be supported by a bare reference to *Russell*.

On appeal, plaintiff relies on *Pi-Con, Inc v A J Anderson Const Co*, 435 Mich 375; 458 NW2d 639 (1990), to support his contention that his claim is not barred. Specifically, plaintiff argues that a certified mail requirement is intended to ensure actual receipt of notice rather than to limit the right to sue on the basis of manner of delivery. As a result, the "plaintiff has a right to prove actual receipt of notice by a preponderance of the evidence" to meet the notice requirement, regardless of whether the notice was sent via certified mail in the first instance. *Pi-Con*, 435 Mich at 387. While *Pi-Con* analyzed the public works bond act (PWBA), MCL 129.201 *et seq.*, plaintiff asserts that the principle of the holding applies to the case at bar, as both MCL 691.1406, the public-building exception, and the PWBA include a notice requirement specifying notice by certified mail. Plaintiff has raised this argument for the first time on appeal. "Although this Court has inherent power to review an issue not raised in the trial court to prevent a miscarriage of justice, generally a 'failure to timely raise an issue waives review of that issue on appeal.' " *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008), quoting *Napier v Jacobs*, 429 Mich 222, 227; 414 NW2d 862 (1987).

However, even if we were to consider plaintiff's argument, it would fail. Plaintiff's characterization of *Pi-Con* fails to encapsulate the entirety of its rationale. The PWBA's notice provision requires notice by certified mail, and not certified mail, return receipt requested. *Pi-Con*, 435 Mich at 386. The Michigan Supreme Court found the distinction to be significant:

> Had the Legislature desired a procedure whereby it could conclusively be established that defendant received plaintiff's notice, it would have required notice be sent certified mail with return receipt requested. Certified mailing alone does not guarantee the retention of records of delivery, because the United States Postal Service retains such records for only two years. By requiring notice be sent return receipt requested, on the other hand, the Legislature could have ensured that all claimants on bonds always had proof of delivery. . . . The statute at hand, however, regulates the manner of delivery, not the method of proof of delivery. [*Id*.]

Therefore, the principle behind *Pi-Con*'s substantial compliance rule for the certified mail notice requirement of the PWBA does not apply to MCL 691.1406 because the GTLA specifies that notice be sent via certified mail, return receipt requested.

Implementing a substantial compliance rule for the notice requirements of MCL 691.1406 would also contradict precedent concerning MCL 691.1406, specifically, and governmental immunity, generally. The public-building exception is to be narrowly construed.

*Horace v City of Pontiac*, 456 Mich 744, 749; 575 NW2d 762 (1998). This Court has previously found that the language of the notice requirement of MCL.1406 is "clear and unambiguous" in its depiction of who must serve the notice, on whom it must be served, what information it must contain, and the manner in which it is to be served. *Ward*, 287 Mich App at 81-82. Furthermore, MCL 691.1406 "unambiguously requires compliance with the statute's notice requirements as a precondition to 'any recovery for injuries sustained by reason of any dangerous or defective public building . . . .' " *Id.*, quoting MCL 691.1406. "[B]ecause the government may voluntarily subject itself to liability, it may also place conditions or limitations on the liability imposed." *McCahan*, 492 Mich at 736. The notice provision of MCL 691.1406 is such a condition to recovery. *Pike*, ___ Mich App at ___; slip op at 3. Disregarding the clear language of MCL 691.1406, in favor of a more lenient substantial compliance standard, would contradict the Legislature's intended procedure by which to bring suit against a governmental entity in derogation of governmental immunity. Therefore, the trial court erred by concluding that plaintiff's provision of notice by first-class mail was sufficient to meet the notice requirement of MCL 691.1406.

Defendant next alleges that plaintiff's notice was defective because it was sent to Sheriff Napeleon, the Chief Executive Officer of the Wayne County Jails. Defendant argues that only two individuals are appointed by law to receive service for defendant under MCR 2.105: the Wayne County Commission Chair and the Wayne County Clerk. MCR 2.105(G)(1). Plaintiff admits that the notice was provided to Sheriff Napoleon. However, plaintiff claims that Sheriff Napoleon was a proper party to receive the notice because the Wayne County Jail is a separate entity from Wayne County.

MCL 691.1406 states that "[t]he notice may be served upon any individual . . . who may lawfully be served with civil process directed against the responsible governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding." "A 'governmental agency' is defined by the act to include 'this state or a political subdivision.' " *Pike*, ___ Mich App at ___; slip op at 3, quoting MCL 691.1401(a). This Court has clarified that liability under the public building exception "arises out of the ownership or control of the building." *Ali v City of Detroit*, 218 Mich App 581, 589; 554 NW2d 384 (1996). Under MCL 45.16, a county must operate and maintain a jail; thus, the operation of a jail is a governmental function for purposes of the GTLA. *Brown v Genesee Co Bd of Comm'rs (After Remand)*, 464 Mich 430, 434; 628 NW2d 471 (2001). A county defendant "thus enjoys general immunity from tort liability in its maintenance and operation of the county jail." *Id.*

By extension, defendant is the responsible governmental agency tasked with maintenance of the Wayne County Jail. Under MCR 2.105, the Wayne County Commission Chair and the Wayne County Clerk are the only two parties appointed by law to receive civil service for defendant. Sheriff Napoleon was not able to receive civil service for defendant, and plaintiff's provision of notice was contrary to the plain language of the notice requirement in MCL 691.1406.

Plaintiff alternatively urges this Court once again to extend application of *Pi-Con* to the designation of the proper parties to receive notice in MCL 691.1406, claiming that the purpose of the notice provision is to provide actual notice to defendant. Citing Justice Corrigan's dissent in *Chambers v Wayne Co Airport Auth*, 483 Mich 1081, 1084; 765 NW2d 890 (2009), plaintiff

asserts that the purpose of a notice is to provide a formal written document which makes the governmental agency aware of the potentially impending lawsuit. Plaintiff implies that the provision of notice to an individual not authorized to receive civil service against defendant, yet nonetheless likely to convey the necessary notice to defendant, is consistent with the inherent purpose of a notice, and therefore, should be sufficient under MCL 691.1406. Plaintiff further notes the trial court's reliance on *Russell* in addressing this issue, highlighting the trial court's conclusion that plaintiff's case can move forward because, as in *Russell*, the notice provided was sufficient.

At the outset, in both *Pi-Con* and *Russell*, there was no dispute that notice was provided to the necessary parties identified by the PWBA and MCL 691.1404, respectively. The trial court's reliance on *Russell* is unsupported: as mentioned above, *Russell* does not stand for the proposition that substantial compliance with the terms of MCL 691.1404's notice requirement permits a suit to move forward. Furthermore, plaintiff's argument has been addressed by this Court in *Ward*:

> In essence, plaintiffs argue that we should ignore the statute's requirements because defendant may have acquired the information that the statute requires the injured party to convey in the notice by other means. Specifically, plaintiffs argue that the alleged defect was apparent and note that one of defendant's employees attended to plaintiff before she was transported for medical treatment. While the second sentence of MCL 691.1406 does require that as a condition of liability for a defective building the governmental agency have actual or constructive knowledge of the defect *before* the incident, this provision does not diminish the separate requirement of the last half of the statute that the injured person serve a notice with the required information in the specified way, on the appropriate representative of the agency, and within 120 days "[a]s a condition to any recovery for injuries sustained by reason of any dangerous or defective public building . . . ." [*Ward*, 287 Mich App at 83, quoting MCL 691.1406.]

As noted, in the case of derogation of governmental immunity, a notice provision does not solely exist to allow the defendant to acquire awareness of the lawsuit. The notice provision of MCL 691.1406 is a condition to the plaintiff's recovery, predicated upon the government's ability to place conditions on potential liability when it willingly subjects itself to liability. *Pike*, ___ Mich App at ___; slip op at 3. This justification applies equally to both the specification of the manner of providing notice and the requisite recipient of notice, within the notice requirement of MCL 691.1406. Therefore, the trial court erred by concluding that plaintiff's provision of notice to Sheriff Napoleon was sufficient to meet the notice requirement of MCL 691.1406.

In light of our conclusion, we need not consider defendant's alternative argument that plaintiff's notice was defective because it failed to specify the nature of the alleged building defect. Defendant's motion for summary disposition premised on governmental immunity for failure to provide the notice required by MCL 691.1406 should have been granted.

Reversed and remanded for entry of an order granting defendant's motion for summary disposition. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro