*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PLAINTIFF ONE, by Next Friend APRIL
MONTELEONE, PLAINTIFF TWO, by Next Friend
ELIZABETH BELTZ, and PLAINTIFF THREE, by
Next Friend SHELLY FRALEY,

UNPUBLISHED
March 23, 2023

Plaintiffs-Appellees,

v

No. 360958
Macomb Circuit Court
LC No. 20-003657-NZ

MACOMB COUNTY INTERMEDIATE SCHOOL
DISTRICT,

Defendant-Appellant,

and

BRITTANY STEVENS,

Defendant.

Before: MURRAY, P.J., and RIORDAN and YATES, JJ.

PER CURIAM.

Defendant-appellant Macomb County Intermediate School District (MISD) appeals as of right the trial court's order denying its motion for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(8). For the reasons discussed herein, we reverse in part the order denying summary disposition, and remand for entry of an order granting in part defendant's motion for summary disposition under MCR 2.116(C)(7) and for further proceedings.

## I. BACKGROUND AND PROCEDURAL HISTORY

The minor plaintiffs were developmentally disabled students, each diagnosed with Autism Spectrum Disorder, enrolled in MISD's special education program at Sequoyah Elementary School for the 2017/2018 school year. Before the 2017 school year commenced, representatives of MISD created an individualized education program (IEP) for each plaintiff to establish the school district's plan for addressing their unique educational needs and goals. Plaintiffs' parents

-1-

participated in the creation of their child's IEP. Defendant Brittany Stevens, a former special education teacher previously employed by MISD, was plaintiffs' teacher. Allegedly, Stevens verbally and physically abused her disabled students, including plaintiffs, while attending school.[1]

Plaintiffs filed their complaint against Stevens and MISD, asserting that MISD was vicariously liable for Stevens' alleged conduct, including assault (Count I), battery (Count II), intentional infliction of emotional distress (Count III), gross negligence (Count IV), and failure to report suspected child abuse (Count V). Plaintiffs also asserted claims under the Persons with Disabilities Civil Rights Act (PWDCRA) (Count VI) and the Elliot-Larsen Civil Rights Act (ELCRA) (Count VII), arguing that Stevens and MISD discriminated against plaintiffs on account of their disability and denied them their right to an education.

After the parties engaged in some discovery, MISD filed its motion for summary disposition, seeking dismissal under MCR 2.116(C)(7) and (C)(8). MISD argued that it was immune from all of plaintiffs' claims pursuant to MCL 691.1407, which grants immunity to governmental agencies for tortious conduct committed during the exercise or discharge of a governmental function, and that plaintiffs failed to plead facts in avoidance of governmental immunity. Additionally, MISD sought dismissal of plaintiffs' claims related to MISD's failure to report suspected child abuse and discrimination under the PWDCRA and ELCRA. Specifically, MISD argued that it is not a mandatory reporter of suspected child abuse under the reporter statute and therefore had no duty to report the alleged child abuse. Further, the Michigan Mandatory Special Education Act (MMSEA) preempted plaintiffs' claims under the PWDCRA and ELCRA.

In response, plaintiffs argued that the motion was premature and requested that the court wait until discovery was closed to entertain MISD's motion, as further factual development was necessary before the court could determine whether plaintiffs sufficiently pled the required elements of their claims. Continued discovery, they argued, would reveal evidence that MISD was vicariously liable for Stevens' tortious conduct under the doctrine of respondeat superior and that the MMSEA did not preempt the PWDCRA or ELCRA as plaintiffs' claims were unrelated to their IEPs or denial of their right to an education. In reply, MISD asserted that factual development was unnecessary as the issues were a matter of law.

The trial court denied MISD's motion without prejudice as premature. The court found that MISD filed its motion before discovery was complete and that there was a reasonable chance that discovery would result in factual support for plaintiffs' claims.

## II. STANDARD OF REVIEW

---

[1] Plaintiffs made various allegations regarding Stevens' purported abuse of her students, including that Stevens picked food up from the floor and shoved it into a student's mouth. According to plaintiffs, Stevens purportedly slapped and threw objects at plaintiff one and dragged him across the classroom. Regarding plaintiff two, Stevens allegedly slapped him and forcefully shoved medicine into his mouth. Moreover, Stevens yelled, threatened physical violence, and threw objects at plaintiff three. Plaintiffs also reported that Stevens spit gum onto plaintiff three's desk and made him throw it away.

Summary disposition is appropriate under MCR 2.116(C)(7), where the claim is barred by governmental immunity. MCR 2.116(C)(7). "The applicability of governmental immunity is a question of law that is reviewed de novo." *Champine v Dep't of Transp*, 509 Mich 447, 452; 983 NW2d 741 (2022) (quotation marks and citation omitted). When reviewing a motion for summary disposition brought under MCR 2.116(C)(7), "the court considers all documentary evidence submitted by the parties in the light most favorable to the nonmoving party." *Citizens Ins Co of America v Univ Physician Group*, 319 Mich App 642, 648; 902 NW2d 896 (2017). "If no material facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred by governmental immunity is an issue of law." *Mays v Snyder*, 323 Mich App 1, 25; 916 NW2d 227 (2018) (quotation marks and citation omitted), aff'd sub nom *Mays v Governor*, 506 Mich 157; 954 NW2d 139 (2020). However, if a question of fact exists and factual development could provide a basis for recovery, dismissal is inappropriate. *Dextrom v Wexford Co*, 287 Mich App 406, 429; 789 NW2d 211 (2010). Whether this Court has jurisdiction, pursuant to statute or court rule, is a question of law that is reviewed de novo. *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009).

## III. JURISDICTION

Although neither party questioned our jurisdiction, we have an independent obligation to do so. *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 714; 909 NW2d 890 (2017). This Court's jurisdiction is governed by statute and court rule. *Chen*, 284 Mich App at 191. Defendants may appeal as of right an order denying summary disposition under MCR 2.116(C)(7) if the order denied governmental immunity to a governmental party. MCR 7.202(6)(a)(v) (stating that a "final order" in a civil case includes "an order denying governmental immunity to a governmental party, including a governmental agency, official, or employee under MCR 2.116(C)(7) or an order denying a motion for summary disposition under MCR 2.116(C)(10) based on a claim of governmental immunity"); MCR 7.203(A)(1). This Court's jurisdiction over an appeal of right from an order described in MCR 7.202(6)(a)(v) is "limited to the portion of the order with respect to which there is an appeal of right." MCR 7.203(A)(1). See *Pierce v Lansing*, 265 Mich App 174, 182; 694 NW2d 65 (2005) ("We therefore conclude that in an appeal by right from an order denying a defendant's claim of governmental immunity, such as this one, this Court does not have the authority to consider issues beyond the portion of the trial court's order denying the defendant's claim of governmental immunity.").

As noted, MISD filed its motion for summary disposition under MCR 2.116(C)(7) and (8), arguing that it was entitled to governmental immunity under the Governmental Tort Liability Act (GTLA), MCL 691.1407, and that plaintiffs failed to state a claim for relief related to their claims under the PWDCRA and ELCRA. The trial court denied MISD's motion for summary disposition as premature. The trial court's order denying MISD's motion for summary disposition, to the extent that it asserted governmental immunity, was a final order that is appealable by right. MCR 7.202(6)(a)(v). Thus, while this Court must consider the portions of the trial court's order that disposed of defendant's assertion of governmental immunity, the denial of MISD's motion as to whether plaintiffs' claims under the ELCRA and PWDCRA state claims for relief, or are preempted by the MMSEA, do not deprive the MISD the defense of governmental immunity.

## IV. GOVERNMENTAL TORT IMMUNITY UNDER THE GTLA

MISD argues that it is entitled to immunity by virtue of section 7 of the GTLA, MCL 691.1407, and that plaintiffs' complaint, which alleged that MISD is vicariously liable for Stevens' assault, battery, intentional infliction of emotional distress, gross negligence, and MISD's failure to report suspected child abuse, should have been dismissed.

Under the GTLA, MCL 691.1407, government agencies are immune from tort liability "if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). A "governmental function" is defined under the GTLA to mean "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(b). The definition of governmental function is broadly interpreted and applied and "requires only that there be *some* constitutional, statutory or other legal basis for the activity in which the governmental agency was engaged." *Harris v Univ of Mich Bd of Regents*, 219 Mich App 679, 684; 558 NW2d 225 (1996) (quotation marks and citation omitted). To determine whether an act constitutes a governmental function, this Court must consider "the general activity involved rather than the specific conduct engaged in when the alleged injury occurred." *Ward v Mich State Univ (On Remand)*, 287 Mich App 76, 84; 782 NW2d 514 (2010).

Under certain narrowly construed exceptions, "the Legislature has pulled back the veil of immunity and allowed suit by citizens against the government." *Mack v Detroit*, 467 Mich 186, 195; 649 NW2d 47 (2002). The GTLA provides several enumerated exceptions to governmental immunity, including (1) the highway exception, MCL 691.1402, (2) the motor vehicle exception, MCL 691.1405, (3) the public building exception, MCL 691.1406, (4) the governmental hospital exception, MCL 691.1407(4), (5) the proprietary function exception, MCL 691.1413, and (6) the sewage system event exception, MCL 691.1417. "A party filing suit against a governmental agency bears the burden of pleading his or her claim in avoidance of governmental immunity." *In re Bradley Estate*, 494 Mich 367, 377; 835 NW2d 545 (2013). A party pleads in avoidance of governmental immunity by stating a claim that fits within one of the statutory exceptions or by pleading facts that demonstrate that the alleged tort occurred outside the exercise or discharge of a governmental function. *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 327; 869 NW2d 635 (2015).

As discussed below, the trial court erred in denying MISD's motion for summary disposition related to plaintiffs' intentional torts, gross negligence, and failure to report claims against MISD, as plaintiffs failed to raise any of the statutory exceptions to MISD's immunity or plead facts that Stevens' alleged tortious conduct occurred while in pursuit of a nongovernmental function. Because no further discovery would impact this conclusion, the trial court erred in not concluding that plaintiffs' tort claims were barred by statutory governmental immunity.

A. INTENTIONAL TORTS

Plaintiffs argue that MISD is vicariously liable for Stevens' intentional torts, including assault, battery, and intentional infliction of emotional distress.

Because there is no intentional tort exception to governmental immunity under the GTLA and plaintiffs have not otherwise identified any exception that would apply, plaintiffs must demonstrate that the alleged tort occurred while the governmental agency engaged in the exercise

or discharge of a nongovernmental function.  *Genesee Co Drain Comm'r*, 309 Mich App at 327-328.

There is no dispute that a school district, such as MISD, is a political subdivision of the state, i.e., a governmental agency, under the GTLA.  See MCL 691.1401(a) and (e) (providing that governmental agency means "this state or a political subdivision" and further defining "political subdivision" to include "school district[s]"); and *Nalepa v Plymouth-Canton Community Sch Dist*, 207 Mich App 580, 587; 525 NW2d 897 (1994), aff'd on other grounds sub nom *Nalepa v Encyclopedia Britannica Ed Corp*, 450 Mich 934; 548 NW2d 625 (1995) ("[A] school district is a level of government of the type contemplated by the Legislature in the [GTLA] regarding absolute governmental immunity.").  However, plaintiffs failed to plead any facts demonstrating that Stevens' alleged torts occurred during the governmental agency's exercise or discharge of a nongovernmental function.  *Stringwell v Ann Arbor Pub Sch Dist*, 262 Mich App 709, 712; 686 NW2d 825 (2004) (holding that tort immunity under the GTLA is enjoyed by governmental agencies when engaged in the exercise or discharge of a governmental function), citing MCL 691.1407(1).

MISD's operation of its public school's special education program constitutes a governmental function.  See *Stringwell*, 262 Mich App at 712; *Nalepa v Plymouth-Canton Community Sch Dist*, 207 Mich App at 587.  MISD's management and supervision of the special education program personnel were statutorily mandated governmental functions under the MMSEA, MCL 380.1701 *et seq*.  According to MCL 380.1711(a), intermediate schools are vested with the responsibility of enforcing the statutory obligations and providing the requisite education designed to meet the individual needs of each student with a disability.  By doing so, MISD was charged with several statutory obligations to operate the public school, including its responsibility to employ and engage special education personnel, including Stevens.  MCL 380.1711(c).

Focusing on "the general activity involved rather than the specific conduct engaged in when the alleged injury occurred," *Ward*, 287 Mich App at 84, the general activity here was MISD's operation of its special education program; it was not Stevens' specific conduct that occurred during MISD's operation of the school.  See, e.g., *Genesee Co Drain Comm'r*, 309 Mich App at 330-331 (holding that the GTLA barred tort liability because the "general activity" at issue was the administration of health insurance benefits and not the "specific acts or decisions," such as the alleged misuse of health insurance premiums, "that occurred as part of the 'general activity' of this governmental function").  Thus, Stevens's alleged acts occurred during the performance of a governmental function.

Plaintiffs nevertheless argue that government agencies are subject to vicarious liability under the common-law doctrine of *respondeat superior*,[2] relying on *Ross v Consumers Power Co*,

---

[2] In fact, plaintiffs' entire analysis focuses on MISD's liability under the doctrine of *respondeat superior* without any discussion related to the applicability of governmental immunity under the GTLA.  Nevertheless, plaintiffs essentially ask the Court to create a judicial exception to governmental tort liability under the GTLA, by imposing liability on the employer for the acts it can reasonably foresee or reasonably should have foreseen, similar to that found in the common-

420 Mich 567, 623; 363 NW2d 641 (1984), superseded by statute on other grounds as stated in *Ray v Swager*, 501 Mich 52, 81; 903 NW2d 366 (2017) (recognizing that the Legislature amended the GTLA after *Ross* and created a narrow exception to qualified immunity for government actors), which held that "[r]*espondeat superior* liability generally can be imposed only where the individual tortfeasor acted during the course of his or her employment and within the scope of his or her authority." *Ross*, 420 Mich at 624. Plaintiffs' analysis is fatally incomplete because, even if Stevens committed the torts during the course of her employment and was within the scope of her authority, the *Ross* Court clarified that even following the imposition of *respondeat superior* principles, governmental agencies remain immune from liability unless the employee "commits a tort while *engaged in an activity which is nongovernmental or proprietary, or which falls within a statutory exception*." *Id.* at 625 (emphasis added).

The trial court erred by denying MISD's motion for summary disposition, as plaintiffs' intentional tort claims of assault, battery, and intentional infliction of emotional distress were barred by governmental immunity. Plaintiffs failed to identify any statutory exception to that immunity, and the record indisputably shows that Stevens' alleged torts occurred while engaged in a governmental function. Additionally, MISD's motion was not premature as there was no fair likelihood that further discovery would yield support for plaintiffs' intentional tort claims. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 27, 33-34; 772 NW2d 801 (2009) (finding that summary disposition was not premature when disposition had been granted based on a one-year limitations period as the limitations period was "not a matter that requires further factual development" and "there [was] no fair likelihood that further discovery would yield support for plaintiff's action").

## B. GROSS NEGLIGENCE

The trial court erred by allowing plaintiffs' gross negligence claim to proceed against MISD because the gross negligence standard for liability is limited to the acts of individuals, not entities. MCL 691.1407(2) provides governmental *employees* with immunity from tort liability for injuries caused by the employee while in the course of their employment so long as the following conditions are met:

> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

___

law doctrine, as articulated in *Hamed v Wayne Co*, 490 Mich 1, 12-13; 803 NW2d 237 (2011) (holding that an employer may be liable for its employee's conduct if the employer knew or should have known of the employee's propensities and criminal record, and where employer's knowledge may be inferred if the employee's conduct was foreseeable). However, *Hamed* involved the plaintiff's claim for quid pro quo sexual harassment under the Michigan Civil Rights Act, as opposed to an intentional tort. *Id.* at 5. The *Hamed* Court identified the difference between its holding and the GTLA and clarified that "[a] school district, for example, could not be vicariously liable in tort for a teacher's sexual molestation of a student because the GTLA would bar the claim." *Id.* at 29 n 74. Therefore, to the extent that plaintiffs pursue their tort claims against MISD, the proper standard is articulated under the GTLA.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

The plain and unambiguous language of MCL 691.1407(2) applies only to government employees, not to the government agency itself. *Yoches v Dearborn*, 320 Mich App 461, 476; 904 NW2d 887 (2017). Moreover, because plaintiffs have not pled facts in avoidance of MISD's immunity under MCL 691.1407(1), by way of statutory exception or demonstration that the conduct occurred while engaged in a nongovernmental function, MISD cannot be held vicariously liable for Stevens' purported negligence, regardless of whether her conduct amounted to gross negligence under subsection 2(c). *Yoches*, 320 Mich App at 476-477. Thus, the trial court erred by denying MISD's motion for summary disposition as premature because MISD was immune from its employee's purported grossly negligent conduct.

## C. CHILD PROTECTION LAW

Plaintiffs argue that MISD failed to report Stevens' alleged abuse of plaintiffs in violation of the Child Protection Law (CPL), MCL 722.623. However, this Court in *Jones v Bitner*, 300 Mich App 65, 68; 832 NW2d 426 (2013), previously held that the mandatory reporting provision within MCL 722.623 does not abrogate the immunity provided by statute, MCL 691.1407. "While the mandatory reporting provision imposes liability when an individual named in the statute fails to report suspected abuse or neglect, that liability is limited by governmental immunity." *Id*. Moreover, because plaintiffs' CPL claim does not fit within one of the GTLA's enumerated exceptions and the CPL's unambiguous language clearly does not waive or abrogate the immunity provided by the GTLA, MISD is entitled to immunity. *Jones*, 300 Mich App at 76 (holding that the mandatory reporting requirement of the CPL does not create an exception to the GTLA's grant of immunity). The trial court erred by denying MISD's motion for summary disposition because the mandatory reporting provision of the CPL does not abrogate MISD's governmental immunity pursuant to the GTLA, MCL 691.1407.

## V. CIVIL RIGHTS CLAIMS

Continuing with the immunity theme, MISD argues that plaintiffs' claims under the ELCRA and PWDCRA are likewise barred by governmental immunity under the GTLA. Although we have determined that plaintiffs failed to plead in avoidance of governmental immunity with regard to their tort claims, *Genesee Co Drain Comm'r*, 309 Mich App at 327 (explaining that a party pleads in avoidance of governmental immunity by stating a claim that fits within one of the statutory exceptions or by pleading facts that demonstrate that the alleged tort occurred outside the exercise or discharge of a governmental function), "there are other areas outside the GTLA where the Legislature has allowed specific actions against the government to stand, such as the Civil Rights Act," *Mack*, 467 Mich at 195. See also *Manning v Hazel Park*, 202 Mich App 685, 699; 509 NW2d 874 (1993) ("Governmental immunity is not a defense to a claim brought under the Civil Rights Act.") and *Does 11- 18 v Dep't of Corrections*, 323 Mich App 479, 490; 917 NW2d 730 (2018) (finding that "the law is clear that governmental immunity does not apply to [civil rights] claims").

These discrimination claims are not barred by statutory immunity because the Legislature provided for liability on the part of an educational institution, such as the MISD, when enacting the PWDCRA. The PWDCRA states that the opportunity to enjoy full and equal utilization of educational facilities without discrimination because of a disability is a civil right guaranteed by the act. MCL 37.1102(1). The PWDCRA prohibits educational institutions from "[d]iscriminat[ing] in any manner in the full utilization of or benefit from the institution, or the services provided and rendered by the institution to an individual because of a disability . . ." MCL 37.1402(a). Importantly, an "educational institution" is defined under the PWDCRA to mean "a public or private institution or a separate school or department of a public or private institution" and includes a "school district." MCL 37.1401. Thus, plaintiffs' PWDCRA claim is not barred by governmental immunity because the Legislature specifically provided that a school district, such as MISD, could be liable if it denied the full and equal utilization of MISD's educational facility on account of a person's disability.

Similarly, MISD also is not immune from plaintiffs' action under the ELCRA. Article 4 of the ELCRA addresses the issue of discrimination by educational institutions, MCL 37.2401 *et seq*. MCL 37.2801 permits a civil cause of action against educational institutions for violation of the act. The ELCRA defines "educational institution" to mean, in relevant part, a "public or private institution" and includes an "elementary or secondary school" and "local school system." MCL 37.2401. MISD is an educational institution defined by the ELCRA. Thus, plaintiffs' cause of action for MISD's purported violation of the ELCRA was not barred.

## VI. CONCLUSION

The trial court erred when it denied MISD's motion for summary disposition pursuant to MCR 2.116(C)(7) as to plaintiffs' tort claims, as well as on their claim under the CPL. Accordingly, we reverse that portion of the court's order and remand for entry of summary disposition in favor of MISD on those claims, and for further proceedings. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Michael J. Riordan
/s/ Christopher P. Yates